## ROCKINGHAM, SEPTEMBER TERM, 1823.

### GILMAN LEAVITT *vs.* MARK SIMES.

A promissory note made payable in a given number of days, without saying more,
is payable in so many days exclusive of the day of the date.
Where notice in writing has been given of the non-payment of a note to the en-
dorser, parol evidence is admissible to prove the contents of the writing without
notice to produce it.
Where a note is made payable in a given number of days without grace, a demand
made before the last day of grace, is insufficient to charge the endorser.

ASSUMPSIT upon a note of hand, dated February 1, 1820,
for $99 10, made by *J. W. F.* and payable to the defendant,
or order, in sixty days, with grace, and by the defendant en-
dorsed to the plaintiff.

The cause was tried here, at February term, 1823, upon
the general issue, when it appeared in evidence, that the de-
fendant put his name upon the note, as endorser, and that on
the third day of April, 1820, notice in writing was given to
the maker, that the note was left at the Portsmouth bank, and
requesting him to pay it, and that on the fifth day of April,
1820, notice in writing was given to the plaintiff and defend-
ant, that the note remained unpaid. The witness, who was
called to prove the demand and notice, said that he did not
recollect any thing about it, but from memoranda, which he
made at the time, he had no doubt, that he delivered a de-
mand in writing to the maker on the third, and a notice in
writing to the defendant on the fifth day of April, 1820. It
was objected, that parol evidence of the contents of the writ-
ten notice to the defendant was inadmissible, he having had no
notice to produce the writing ; but the court overruled the
objection.

The note was the property of the New-Hampshire Fire
Insurance Company, and was left at the Portsmouth bank
for collection, but whether before or on the third day of
April, 1820, did not appear. On the 14th April, 1820, the
note was paid by the plaintiff to the said company. It also
appeared in evidence, that four of the five banks in Ports-
mouth, the Portsmouth bank being one of the four, were in
the habit of treating alike all notes left with them, whether
payable at the bank or at no particular place ; and whether

discounted for loans, or given for purchases of property, and whether the parties resided in or out of the town of Portsmouth. But the custom of each bank as to its own notes, differed in some respects. All were in the habit of sending a written notice to the maker, stating, *where his note was, and when it became due,* as early as the note fell due, without reckoning grace, and this whether the note did or did not express grace ; and three of the banks were wont to send notice at any time within a week before the note became due, if it were convenient. Three of the said four banks, when notes were not left for collection, until the second or third day of grace, send notices to the makers on the day they are so left. All the banks, but the Branch bank, were accustomed to allow grace, although not mentioned in the note, and not notify the endorser until the evening of the third day of grace, or the morning after. The Portsmouth bank always notifies the maker as early as the first day of grace.

A verdict was taken for the plaintiff, subject to the opinion of the court upon the foregoing facts.

*Cutts,* for the plaintiff.

*Mason,* for the defendant.

RICHARDSON, C. J. It is contended, that the witness, who was introduced to prove the notice to the defendant, ought not to have been permitted to state the contents of the paper which he delivered to the defendant, because no notice had been given to the defendant to produce it. But to this objection there are two answers. In the first place, it is never necessary to give notice to produce a paper containing merely notice, in order to render parol evidence admissible. *3 Caine's Rep.* 174, *Turner vs. Wilson.*—1 *ditto* 364, *Payton vs. Hallet.*—13 *John.* 470, *Johnson vs. Haight & a.*—*Peake's Cases* 165, *Shaw vs. Markham.*

In the next place, the nature of the action was a sufficient notice to the defendant to produce the paper. He must have been aware, that without proof of notice the action could not be maintained, and that if there was any defect in the written notice, it would be material for him to produce it, to rebut any testimony that might be adduced by the plaintiff to

Leavitt
vs.
Simes.

prove notice. 14 *East* 274, *How vs. Hall.*—1 *Camp.* 143, *Jolley vs. Taylor.*—3 *B. & P.* 143, *Bucher vs. Jurat.*

We have, therefore, no hesitation in overruling this objection.

It is also contended, that the demand upon the maker was insufficient, because made before the note was due. When a note is made payable in a given number of days, generally, in reckoning the day of payment, the day of the date is excluded. 8 *Mass. Rep.* 453, *Henry vs. Jones.*—*Chitt. on Bills* 205[189].—6 *East* 14, *note.* Excluding the day of the date of the note in the present case, the last day of grace was the 4th of April, 1820, and it is well settled, that regularly the demand ought to have been made on that day. It is clear then, that the demand in this case was made before the note became due, and is insufficient to charge the defendant, unless under the circumstances he must be considered as having waived the irregularity. It has been held, that a promise to pay, made with a full knowledge of the want of regular demand or notice, is a waiver of the irregularity. *Chitty on Bills* 186[171], 198[183].—7 *East* 231, *Lundie vs. Robertson.*—5 *John.* 248, *Durgee vs. Dennison.*—2 *N. H. Rep.* 340, *Ladd vs. Kenney.*

And it has been decided in Massachusetts, that evidence that it was the usage of the banks in a particular place to demand payment of the maker of a note on the first day of grace, that the endorser sought to be charged, was conusant of this usage, and had in other instances conformed to it, was competent to be submitted to a jury, from which to infer the assent of the endorser to the usage. 4 *Mass. Rep.* 245, *Jones vs. Fales.*—11 *ditto* 85, *Blanchard vs. Willard.*—11 *ditto* 87, *note, Wentworth vs. Chase.*—6 *ditto* 449.—9 *ditto* 155.—10 *ditto* 336.

Whether these decisions of the court in Massachusetts are sound law, it is unnecessary to inquire in this case ; because the facts found here do not present the same question. The usage of the banks is found, but it is not found, that the defendant had ever conformed to the usage, or even that he was conusant of it. There is then nothing, from which his assent to waive the want of a regular demand can

be inferred, and we entertain no doubt that the verdict must be set aside, and a new trial granted.

We are of opinion, that it is not enough in this case to shew the usage, and that the defendant was conusant of it. We think his assent to the usage is not to be inferred from the simple fact, that he had knowledge of it. If it can be shown, that he had conformed to the usage, it may deserve consideration whether his assent to it might not be inferred from his conduct. On the other hand, it will deserve very serious consideration, whether the admission of testimony to shew the usage and his assent to it, is not to admit parol evidence to vary the terms of a written contract. It is said in the books, that a promise to pay by an endorser is, in certain cases, a waiver of any irregularity in the demand and notice. But it will be found, upon examining the books, that the decisions rest upon the ground, that such a promise is evidence of a demand and notice. It is unnecessary to express any opinion on these points now ; but if this case is to be pursued, we thought it might be useful to make these suggestions at this time.

*Verdict set aside, and a new trial granted.*