#### IN THE

# SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF SULLIVAN, JANUARY TERM,

## A. D. 1828.

---

## BENJAMIN RAND *versus* MARGARET RAND, administratrix.

In the computation of time from a date, or from the day of a date, the day of the date is to be excluded.

On an appeal from the decision of commissioners upon an insolvent estate by a creditor, an attested copy of the declaration filed in the register's office was delivered to a deputy sheriff, who returned thereon that he had served the same by giving a copy of the copy with a copy of his return thereon, it was held that the service was sufficient.

In debt upon a bond with a condition, if the plaintiff allege, that the bond is lost by time and accident, he must set out the substance of the condition in his declaration ; otherwise proof of a bond with a condition will be a fatal variance.

And in such a case a plea that the deed is not lost, is a good answer to the action.

THIS was an appeal from the decision of the commissioners appointed to examine the claims against the estate of Benjamin Rand, junior, the defendant's intestate, which had been represented to be insolvent.

The appeal was taken at a probate court, holden on the 17th January 1827, and the judge of probate, on the appeal and declaration being presented to him, ordered the administratrix to be served with an attested copy of the declaration, appeal, and order, within thirty days from said date. A copy of the declaration, appeal and

order, attested by the register of probate, was delivered to a deputy sheriff, who returned thereon, that on the 16th day of February, 1827, he served the same by giving the defendant "a copy of the within declaration, appeal and order," with a copy of his return endorsed.

The appellee moved the court to dismiss the appeal,

1st, Because the service was not made within the time limited in the order.

2d, Because the service was made upon the defendant by giving her a paper purporting to be a copy of an attested copy instead of an attested copy.

But the court permitted the cause to proceed, reserving this motion for future consideration.

The declaration filed was debt upon a bond as follows :

"For that the said Benjamin Rand, junior, at said Goshen, on the 28th January, 1819, &c. by his writing obligatory of that date, sealed with the seal of the said Benjamin Rand, Junior, and which is now lost by time and accident, or destroyed by the fraud of the said B. Rand, junior, in his life time, bound and acknowledged himself to be indebted to the said Benjamin Rand in the sum of $1000, &c.

The defendant pleaded, 1st, *non est factum*, on which issue was joined.

2d, A plea as follows :—"And for further plea, &c. the said Margaret comes, &c. and says that the said Benjamin ought not to have and maintain his action aforesaid &c. because she says that the said supposed writing obligatory in said declaration mentioned, is not lost or destroyed in manner and form as the said Benjamin in his said declaration hath alleged, and this, &c.

To this plea there was a general demurrer and joinder in demurrer.

On the trial of the issue to the jury the plaintiff, in support of his declaration, offered evidence that in January 1819, the intestate Benjamin Rand, junior, made and executed a bond to the plaintiff in the penal sum of $1000,

with a condition that the obligor should maintain the plaintiff and his wife during their lives.

To the admission of this evidence, the defendant objected that it proved a bond with a condition, whereas the bond described in the declaration purported to be a single bond, and so there was a variance.

But the court overruled the objection, and a verdict was taken for the plaintiff subject to the opinion of the court upon the foregoing case.

*Forsaith*, and *J. Parker*, for the defendant.

The statute makes it the duty of the judge of probate, to order the executor or administrator to be served with a copy of the declaration, and to be notified of the appeal made by the creditor. 2 N. H. Laws, 145. This includes the power to order the time in which the copy shall be served, and notice given. If this power was not intended to be conferred, any order would be unnecessary, and the statute would have directly prescribed that the copy should be served and notice given without record.

1st, The service was not made within the thirty days. 3 D. & E. 623, *Castle* v. *Burditt* ; 4 Esp. N. P. C. 224, *Glassington* v. *Rawlins* ; 3 East, Rep. 407, S. C ; Doug. 465, *King* v. *Adderley* ; 5 Coke 1, *Clayton's case* ; Com. Dig. Temps A. ; 15 Mass. Rep. 193, *Prisbrey* v. *Williams* ; 1 Ld. Raym. 280, *Bellasis* v. *Hester* ; Chitty on bills, 270.

2d, By the statute, the administrator is to be served with a copy of the declaration, and by the order of the judge in this case the defendant was to be notified of the appeal, by being served with a copy of the appeal and order. Instead of this, she was served with what purported to be a copy of these copies. The statute "is plain and clear, giving explicit directions," 3 N. H. Rep. 81, and there is satisfactory reason for requiring a strict compliance with its provisions, as every remove from the original renders the authenticity and correctness of the paper less certain, and takes something from the verity which should attach to it.

There are many cases in which the statutes require a service to be made by copy, and the same rule which is applied in this instance must govern in all the others.

A copy of an original copy, offered in evidence, was rejected. 1 Starkie's N. P. R. 167, *Liebman* v. *Pooley* ; Where there is a counterpart, no evidence of a mere copy is admissible, if the counterpart can be produced. Bull. N. P. 254 ; 1 Starkie's Ev. 354.

3d, We contend that a declaration, on a bond lost or destroyed, and pleaded without a profert, must set out the condition, if any, and assign a breach. This is an exception to the ordinary rules relative to declarations on bonds and results from the nature of the case.

Where a profert is made, so that the defendant may have oyer and spread the condition upon the record, it is not necessary, nor usual, for the condition and breach to appear in the declaration. But when the bond is lost and no profert made, the condition and breach can only appear in the declaration, and if none is there set forth, the instrument declared on must be taken to be without condition, and evidence of a conditional bond is a variance.

The intent of the profert is that it may appear to the court, and to the party, if it was upon condition, limitation, or with power of revocation, to the intent that if there be a condition, &c. the other party may take advantage of it. 10 Coke, 82, *Dr. Leyfield's case* ; and if this cannot appear by a profert, the plaintiff is still bound in pleading to set forth, and to substantiate the material terms of the deed, so that the court may see what it really is. 10 East, 60, *Hendy* v. *Stephenson.*

A direct adjudication in support of our position is hardly to be expected, as in England, so late as 3 D. & E. 151, in the case of *Read* v. *Brookman*, it was made the subject of solemn decision, Grose J. dissenting, that a deed might be pleaded as lost by time or accident without a profert ; and it is rare likewise that it is necessary to allege an excuse of profert.

If the objection is new, it is believed that it is not the less tenable, and the form of declaring for which we contend was adopted in *Cady* v. *Eggleston*, 11 Mass. Rep. 282.

There is greater reason for setting forth the condition of a bond lost or destroyed, than there is for setting out a condition or qualification in covenant, or an exception in assumpsit, and this is necessary. 4 Camp. N. P. Rep. 20, *Tempany* v. *Burnard* ; 7 Taunt. 385, *Horsefall* v. *Testar* ; 1 East, 633, *Howell* v. *Richards* ; 2 B. & C. 20, *Latham* v. *Rutley*. If the declaration describes a deed as absolute, which is merely qualified, and conditional, it is a variance. 2 Starkie on Ev. 478.

Coke says, in case of casualty by fire, the party in pleading ought to show forth the deed, otherwise his plea will be insufficient, and judgment shall be given against him ; 10 Coke, 93 ; and this has been supposed to mean that he should make a profert, notwithstanding the deed was destroyed, 3 D. & E. 152, which would be idle. But we think he must have intended that the party should show forth, in pleading, the terms, condition, breach, &c., and this reconciles what was deemed a contradiction in that case. 3 D. & E. 154.

In fact, any other course seems not to admit of pleading or defence. The deed is the foundation of the action ; the defendant cannot therefore plead *nil debet* ; 1 Chitty's Pl. 478 ; 1 Saunders, 38, *n* 3 ; 2 ditto, 187, *a n* 2 ; 8 Johns. Rep. 82, *Bullis* v. *Giddings* ; nor performance, or matter in excuse, for there is no oyer, and no condition to set out on which to found such plea ; 1 Saund. 10 *n* 1. Com. Dig. Pleader P. 1 ; 5 Cranch, 257 ; nor set out a condition and then plead. It cannot be known that the plaintiff counts on a conditional bond. On the contrary, the declaration, to which alone the defendant can look, is on a single obligation for the payment of money.

In covenant on indenture, the defendant cannot, without demanding oyer, set out the condition and plead performance ; Com. Dig. Pleader P 2 ; nor that it was fur-

ther agreed. 1 Strange, 227, *Stibbs* v. *Clough* ; 1 Saund. 317, *n* 2 ; Chitty's Pl. 417. And where oyer is prayed, and condition set forth, the condition becomes parcel of the plaintiff's declaration. Bacon's Ab. Pleas, &c. J. 12 ; 1 Saund. 316, *Smith* v. *Yeomans.* But, where there is no oyer, the defendant cannot supply parcel of the plaintiff's declaration.

Lord Hardwicke, denying the right to plead without a profert, said, " you may drive the defendant to very disadvantageous issues by this method." 1 Vesey, sen. 394, *Whitfield* v. *Faussett* ; and if a condition and breach are not set forth, the defendant cannot plead any plea, under which the ordinary defences to a conditional bond can be gone into ; so that " by this way, truth and justice, and the true reason of the common law would be subverted." 10 Coke, 92.

4th, The demurrer to the second plea is not well taken. The excuse for the omission of a profert is traversable. 1 Chitty's Pl. 349 ; 3 D. & E. 158, *Read* v. *Brookman* ; 1 Esp. N. P. Rep. 337, *Bickford* v. *Jackson* ; 11 Mass. Rep. 282, *Cady* v. *Eggleston.*

*Newton*, for the plaintiff.

We do not deny that by the provisions of the statute, regulating appeals from the decisions of commissioners, the appellee is entitled to a reasonable notice. But that the judge of probate has the power to limit the time within which it shall be given, is a position altogether untenable. No such power is given by the statute, either expressly or by any necessary implication, and no reason can be assigned why it should have been given. In this case the notice was served upon the defendant seventy-five days before the sitting of the court to which the appeal was taken, and this would seem, in point of time, to be a reasonable notice.

But the notice was given within the thirty days limited by the order of the judge of probate, according to the known and established principles of the computation of

time in the courts of law in this state. The rule is, that when an act is to be done within a given time from or before a certain day, one of the extreme days is invariably included, and the other as invariably excluded. This is the rule applied to the statute which provides that writs shall be served fifteen days before the sitting of the court, and to all other cases, where a computation of time is to be made from a particular date, or from the day of the date. Chitty on bills, 138 ; 11 Mass. Rep. 204, *Portland Bank* v. *Maine Bank.*

It has been held, that when a computation of time is to be made from an act done, or from the time of an act, the day when the act is done is to be included. 3 N. H. Rep. 93, *Priest* v. *Tarlton.* But that is not this case. Here the order was that the notice should be served within thirty days from the date of the order, and if the time be calculated with the day of the date excluded, according to the rule, the notice was served within the time limited.

It is objected that the service was made on the defendant by giving her a paper purporting to be a copy of an attested copy, instead of a copy of the declaration. To this we reply, that a duly authenticated copy of the declaration from the probate office, is in this case to be, according to the statute, deemed the original. Such has been the uniform practice of serving notices on these appeals ever since such appeals have existed. This mode of service is legal and proper, and has been too long sanctioned by the practice of this court to be now overruled.

But however valid these objections to the service of notice upon the defendant might have been, had the matter been pleaded in abatement, the defendant has now waived the advantage by appearing and pleading in chief. 4 Mass. Rep. 437, *Livermore* v. *Boswell* ; 5 ditto, 97, *Gilbert* v. *Nantucket Bank* ; 7 ditto, 475, *Colby* v. *Dillingham* ; 11 ditto, 181, *Gage* v. *Graffam.*

It is contended, that there ought to be a new trial in this case, because proof of a bond, with a condition, was

admitted. The ground taken is, that there being no profert of the deed, the defendant cannot have oyer ; and therefore the plaintiff was bound to set out, not only the substance of the bond, but of the condition ; and not having done this, there is a variance between the case stated in the declaration and the case proved.

To this we answer, that the deed, in this case, was taken by fraud, and destroyed by the defendant's intestate ; that although the action is against an administratrix, yet to all moral purposes, it possesses the same character as if the perpetrator of the fraud were a party to the record, and it never having been expressly adjudicated that in a case of this kind the condition of the bond must be set forth in the declaration, it can hardly be imagined that the court, for the first time in a case of this character, can find it necessary, on principle, to make such an adjudication, and thus increase the difficulty imposed upon the plaintiff, by the fraudulent destruction of the instrument by the opposite party. For should the court decide that in cases like this, the plaintiff must declare specially by setting out the condition of the bond, and thus by being compelled to multiply allegations, increase the difficulty of proof, which the destruction of the instrument by the opposite party had occasioned, it would seem to be a departure from one of the most sound and useful maxims of the law, that no one shall be permitted to take advantage of his own wrong.

It was formerly held, that in pleading a deed, a profert was matter of substance, the omission of which would render a judgment erroneous. But the statute of 16 and 17 Car. 2 cap. 8, changed the law in this respect, and since that statute the omission of a profert has been held to be only a defect in form, which cannot be regarded by a court unless specially and particularly set down and shown as a cause of demurrer. Bac. Ab. 4, 113 ; Sid. 249 ; Lutw. 1353 ; 6 Mod. 135.

If an omission of a profert, without any excuse assigned for such omission, be a defect in form only, of which advantage can be taken by a special demurrer alone, it would seem perfectly clear, that the omission to set out specially the condition of the bond in a case like this, if it can be deemed a defect at all, is only a defect in form, and after a plea in bar, the objection comes too late.

Besides, this is a proceeding under the statute providing for the settlement of insolvent estates, and, in principle, is clearly distinguishable from actions at common law, upon deeds with condition. For no action at common law can be maintained upon a bond with condition until the condition is broken. But the statute under which this proceeding is had, makes it the duty of the commissioners to examine and allow all *bona fide* demands, although such demands may not be payable at the time of such allowance. And why was this provision made by statute ? Most clearly because it is the best practicable mode of enabling the creditor to obtain his just rights. Under this statute, then, as in the case at bar, where a father enfeebled by age has transferred all his property to a son in whom he has unlimited confidence, and has taken his personal security alone for his own maintenance, by a bond conditioned that the son should fulfil the agreement, no one will deny that such a bond, although the condition had never been broken, would be a *bona fide* demand within the meaning of the statute.

If this reasoning be just, then, the law, as well as the equity of the case, is with the plaintiff, at least as relates to the proceedings before the commissioners. And this court is called upon to do that only, which the commissioners ought to have done. The defendant makes no complaint of hardship in this case—she says nothing about equity—on this subject her mouth is sealed. But she puts her case as one of *summi juris*, and relies on the strict technical rules of law as the fittest allies of injustice. But if there be any such rules of law which are at

war with the soundest principles of common sense, and common justice, in this age of moral light and legal science, God forbid that they should longer be suffered to cast a shade upon the moral character of man, or continue to bury his acknowledged rights under the rubbish of by-gone ages.

But it is said that the demurrer to the second plea is not well taken, and that the excuse for the omission of a profert is traversable.

The second plea, although in substance a dilatory plea, is in form a plea in bar, and in law is to be considered as such. But if it do not contain sufficient matter to do away altogether the plaintiff's right of action, then is the plea insufficient, and the demurrer well taken. Bacon's Ab. Pleas and pleading, J. 2.

This plea is pleaded to the whole declaration, but is in fact, an answer to a part only, and if issue had been taken upon it, and found for the defendant, he could not have had judgment.

We have been able to find two instances in the books, however, of pleas similar to this; but in both those cases issues were taken on the pleas and no question raised as to their sufficiency. 11 Mass. Rep. 282; 1 Esp. N. P. C. 337. This point, therefore, seems to remain undecided.

*By the court.* It has been contended, in this case, that the appeal ought not to be sustained, because the notice of it was not served upon the defendant within thirty days, in pursuance of the order of the judge of probate. But in the computation of time from a date, or from the day of a date, we consider the settled rule in this state to be, that the day of the date is to be excluded. 2 Cowen, 605, *Exparte Dean*, and 518, *Snyder* v. *Warren*; 3 N. H. Rep. 16 and 94; 16 Johns. 120; 8 Mass. Rep. 453.

By this rule of computation the service in this case was made in season.

It is further objected, that the service was insufficient because the copies left with the defendant were not at-

tested by the register of probate, in whose office the originals remain.

The statute of July 2, 1822, sec. 5, 2 N. H. Laws, 145, provides that when a creditor has appealed from the decision of commissioners upon an insolvent estate, and has filed his declaration in the probate office, "the judge shall order the executor or administrator to be served with a copy of such declaration, and to be notified of the appeal made by such creditor ; and the creditor may, at the court appealed to, enter his action as plaintiff against the executor or administrator, and shall produce an attested copy of such his declaration, and the certificate of the judge of probate that notice was issued to the executor or administrator, and evidence of the compliance with such order." This provision does not in express terms require that an attested copy of the declaration and other papers should be given to the defendant, but we have no doubt that, regularly, such a copy should, in pursuance of the order of the judge of probate, have been given. And had the service in this case been made by any other person than a public officer, it is very questionable whether it could have been adjudged legal. But the copies were left by a public officer, in this case, with a copy of his return endorsed upon them, and we are inclined to think that this gave sufficient authenticity to the copies, to render the service a substantial compliance with the spirit of the order of the judge of probate. We are therefore of opinion that the appeal ought to be sustained.

It has been urged, that evidence of a bond with condition was improperly admitted in this case, because the instrument stated in the declaration is only described as a single bond ; and a new trial is demanded on the ground of a variance between the allegations of the declaration, and the proof.

It is conceded, that in general it is not necessary, in debt upon a bond with a condition, to set out the condi-

tion in the declaration ; but it is contended, that when debt is brought upon such a bond, after it has been lost or destroyed, the nature of the case renders it essential to set out the condition, and such a case forms an exception to the general rule. It is admitted, that no direct adjudication is to be found in support of this proposition, but we are inclined to think that it may be sustained upon sound principles.

In debt upon a bond, the plaintiff is bound to make a profert of the instrument, or to allege a legal excuse for not making it ; and if he omit to do this his declaration will be deemed defective in form, and will be adjudged bad on special demurrer. 1 Chitty's Pl. 350 ; Com. Dig. "Pleader" O 17.

And when a profert of a deed is made, the defendant is entitled to oyer, and the plaintiff is bound to produce the deed. 2 Strange, 1186, *Soresby* v. *Sparrow ;* 1 Chitty's Pleading, 350.

It therefore seems, that if the deed remain in existence the defendant is entitled to have it put upon the record, and that the law furnishes him with the means of compelling the plaintiff to produce it.

But when there is a legal excuse for the omission of a profert, the defendant is not entitled to oyer. The cases however, which have been cited by the defendant's counsel seems to show the practice to have been in such cases, to set out the substance of the instrument in the declaration. And we are of opinion that this is necessary in such a case. Lord Coke says, that one of the reasons why deeds ought to be produced, is, "that it may appear to the court, and to the party, if it was upon condition, &c." 10 Coke, 92, *a.* When a deed is lost and cannot be produced, he who relies upon it in pleading ought to be held to state, and to prove the substance of the whole instrument, for the same reasons that he is bound to produce the instrument when not lost. He ought not to be permitted to show such parts of the instrument as may

be favorable to him, and leave it to the other side to show the rest ; but he ought to show the whole, both in his pleading and in his proof.

It is said in this case that the deed was destroyed by the fraud of the intestate. But that circumstance cannot change the rule of pleading.

We are therefore of opinion that there was a material variance between the declaration and the evidence, and that the verdict must be set aside.

We are also of opinion that the demurrer to the second plea is not well taken. The authorities which have been cited in the argument are decisive. This is not an instance of a plea pleaded in bar of the whole declaration when it is in fact only an answer to a part. But this is an instance of a plea which traverses a material allegation in the declaration, the proof of which is essential to the maintenance of the action, and stands on ground materially different from a bar which admits the whole declaration, and then only answers a part. 1 Chitty's Pl. 464.