## Paull *against* Lewis.

It is not competent to prove by parol what is the general understanding of the county as to the construction of a written contract for the sale of land.

Upon a contract for the sale of a tract of land, at a particular price per acre, the vendor is entitled to the price of the whole number of acres, without making the allowance of six per cent.

ERROR to the common pleas of *Fayette* county.

N. Lewis, the plaintiff below, sued out against James Paull, Jun. a summons in case, and complained, " that whereas the said James was indebted, the 20th day of December 1832, to the said N. Lewis, administrator as aforesaid, in the sum of 2646 dollars, for a certain messuage or tenement and premises situated in Dunbar township, Fayette county, containing three hundred and twenty-four acres, strict measure, as ascertained by actual measurement, before that time bargained, sold and released by the said N. Lewis, administrator, &c. to the said James Paull, Jun. at his special instance and request, at 10 dollars 50 cents per acre, strict measure, which land was sold by the said Nathan, administrator, &c. as aforesaid, by the order of the orphan's court, on the 20th of November 1820, (1830) to the said Paull, payable as follows: one-third to remain in the hands of the widow during life, the remaining two-thirds payable as follows—one-third in one year, and the other one-third in two years from the time of sale, all which is due (the widow now being dead) but the last payment of 756 dollars, and being so indebted," &c. in the usual form of *indebitatus assumpsit.*

Pleas, *non assumpsit* and payment.

The plaintiff showed the order of sale by the orphan's court ; the sale to defendant at 10 dollars 50 cents per acre ; return and confirmation of sale ; and a recognizance acknowledged in the orphan's court conditioned for the payment of the purchase money.

The defendant, to sustain the issue on his part, proposed to prove that, by the general understanding of the county, when a whole tract of land, which has been officially surveyed, is sold by the acre without strict measure being mentioned in the contract, the allowance is given in.

[Paull v. Lewis.]

To this evidence the plaintiff objected, and the court overruled the testimony and sealed a bill of exceptions.

*Ewing,* for plaintiff in error.
*Austin,* for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—The defendant being sued for the price of land sold by direction of the orphan's court, proposed to prove, " that, by the general understanding of the country, when a whole tract of land which has been officially surveyed is sold by the acre without strict measure being mentioned, the allowance is given in :" in other words, to refer the law of the contract not to the constitutional interpreters of it, but to interpreters called in by himself. The offer was not to prove a local custom, which if Whitman *v.* Stoever be still law would not have availed him, but a general understanding of the country, which, to be effective as such, must be the law of the land. The understanding of others, whether general or special, goes for nothing, if it be not also the understanding of the contracting parties. These are not bound to understand their words in a particular sense, unless the law has affixed it to them ; and then, as they are presumed, in the absence of a specification of their meaning, to have contracted on the basis of the law, it lies on him who alleges the words to have been used in a qualified sense, to show it. Who then is to expound the law of the contract (for the exposition of a written contract is matter of law), the judges or the witnesses ? It is supposed that the witnesses are called to establish a usage from which a rule of law has already arisen, by which a sale by the acre, without restrictive words, passes an allowance of six per cent, of course. What foundation is there for such a rule either in general usage or any thing else ? In the progress of the cause I have heard the statute acre of Pennsylvania mentioned as something peculiar, though we have no statute on the subject but the 33 *Ed.* 1, *stat.* 6, reported by the judges as one of those that are in force among us ; and it certainly says nothing about an allowance over and above the one hundred and sixty perches. In public grants out of the mass of unappropriated lands, six per cent is thrown in for roads, and such an allowance is reasonable to compensate for the public easement with which it is incumbered ; but there is no colour of reason for it as an accident appertaining to the grant of an individual who can claim nothing which is not specially reserved. Even the state, when selling what may be called her private lands, or those which have once been separated from the unappropriated mass, never gives in the six per cent a second time ; and why should an individual ? Sales of original tracts, as containing so many acres, and without a stipulation for re-measurement, are doubtless common : from this practice has probably arisen the confused notion of six per cent being allowed where it is not specially excepted. But there, as there is to

[Paull v. Lewis.]

be no actual measurement, the sale is by the acre but nominally. The parties treating, as they do, on the basis of the official survey, fix the quantity by the contract, the surplus going of course to the vendee, who bears also the risk of a deficiency. The sale is in fact by the tract, and recourse is had to the survey for the quantity but as a method of estimating the price of the whole. When parties choose to treat on those conditions, their meaning is clear, and no court can gainsay it; but the principle is different where the quantity is to be ascertained by subsequent measurement. In such a case if the word acre is not to mean the statute acre, let the purchaser rebut the legal presumption that it does, as best he may, by the intrinsic evidence of the contract, and not by extrinsic evidence of what others would understand it to mean. When the natural import of the words is plain, parol evidence is inadmissible to contradict it; and if there be an apparent ambiguity, it is equally inadmissible to remove it. Here the attempt was to show that by the word acre, the parties did not mean an acre, but something more. The introduction of such proof would destroy every thing like certainty in contracts, and without attaining the justice of the case more effectually than is done by the rules of interpretation which our predecessors have established. No witness would be qualified to prove a custom pervading the whole state, for the knowledge of such transactions is generally confined to the neighbourhood. Beside, there would be no uniformity of practice on the subject. In the eastern counties, where land has nearly attained to its ultimate value, and where the farms have been reduced by frequent subdivision, such a thing as giving in the allowance, or selling in any other way than by strict measure, is unknown. The consequence of suffering the interpretation of the contract to be affected by parol evidence, would be, that in place of the practice "of the country," we should have the practice of each county, and an interpretation peculiar to each. On the mischief to be apprehended from a state of such confusion, it is unnecessary to dilate. It is better for the sake of certainty, better for avoiding useless litigation, and better for the actual justice of the particular case, to adhere to the plain meaning of the words, and to say that when the vendor has agreed to sell, and the vendee to buy, so many acres, the contract shall have respect to so many and no more.

Judgment affirmed.