Stickney *v.* Stickney.

## STICKNEY & ux. *v.* STICKNEY.

Covenant is a proper form of action for the recovery of damages for the breach of a covenant, or contract under seal.

Covenant also lies upon a bond, for the recovery of damages for the breach of its conditions.

The general rule is, that a mere voluntary bond, without any consideration, is good : — *Semble:* this rule, however, has its exceptions.

In a declaration upon a bond which is lost, and cannot be produced, it is necessary, not only to set out the substance of the whole condition of the bond, but also to prove the same, as alleged.

In covenant upon a lost bond, where *non est factum* is pleaded, and issue joined, a failure to prove a material provision of the bond alleged in the declaration, is a fatal variance.

In such a case, the plaintiff, upon motion, will be nonsuited.

If the obligees in a bond, with a condition to support them during their natural

5 *

lives, voluntarily cease to claim and receive such support for the period of six years, it will be considered as a voluntary waiver for the time being; and in order to constitute a breach of such bond subsequently, there must be a demand of the support, and a refusal to render it.

COVENANT. The writ was dated January 11th, 1848. The declaration alleged that the plaintiff, on the 25th day of April, 1827, conveyed to the defendant his homestead farm, situated in Wendell, of the value of one thousand dollars; in consideration whereof the said defendant, by his deed or writing obligatory, sealed with his seal of that date, duly executed, and which being lost could not be produced, covenanted and agreed with the plaintiff, " that he would support and maintain his father and mother, to wit: the said John Stickney and Judith Stickney, wife of said John Stickney, during their natural lives, and that he, the said Jacob C. Stickney, would from that time, during the natural lives of his said father and mother, find the said John Stickney and Judith Stickney with a house to live in, and would furnish them with good and sufficient food, meat, drink, and clothing, and all other necessaries, both in sickness and in health, during their said lives, and that he would furnish them with a horse and carriage, and necessary expenses, whenever the said John Stickney and Judith Stickney might wish to visit their friends ; and that the said John Stickney and Judith Stickney, in case they should survive the said Jacob C. Stickney, should have the use and income of one half of said homestead farm, and the use of half of the farming tools on said farm, during the remainder of the natural lives of said John Stickney and Judith Stickney." It was further alleged, that the said defendant, though requested, had not supported and maintained his said father and mother, &c., but refused to keep his said covenants, &c.

The defendant pleaded, first, that the writing was not his deed, and secondly, that he had kept his covenants. The plaintiff introduced evidence to show the loss of the instrument declared on, to which no exception was taken ; and the court decided that the foundation was laid for the introduction of secondary evidence. Isaac Colby was then introduced as a witness, who testified, in substance, that he knew the defendant had given

Stickney *v.* Stickney.

the plaintiff a writing ; it was a bond, and was given in the
year 1827 ; that he was one of the witnesses ; that the other
witness was not living ; that he witnessed it in the defendant's
house ; that he read the bond at that time ; that he afterwards
saw it again in the plaintiff's house, and read it over ; that he
thought he could state the substance of the bond ; that by the
terms of the bond, the defendant ·was bound to support and
maintain his father and mother well, during their lifetime, and
was to find them a horse and carriage when they wanted to go
visiting, and was to furnish them with spending money.  He did
not know that he recollected any other stipulations in the bond ;
had no recollection, that the bond provided that the old gentle-
man should do any thing for their maintenance ; he had no
doubt it was a bond in common form, and that there was a seal
to it, and that it had a condition.  The defendant told witness,
that he borrowed a book from Benjamin Colby, Esquire, and
drew the bond from it.  After the bond was given, the plaintiff
and his wife lived with the defendant twelve years or longer, up
to June, 1844.  They then left, and the defendant had not con-
tributed any thing to their support from that time up to the date
of the writ, but they had supported themselves.  Not long before
they left, the witness called on the defendant to get him to renew
a note which the plaintiff held against the defendant.  The
defendant refused to do any thing about it, but said, that when
the six years were out, (the time, he said, a bargain was
made for,) he should turn them out.  He refused to renew the
note, or support them any longer than the six years.  The six
years, spoken of by the defendant, were out when they left.
The witness told the defendant he had given the plaintiff a lease.
This he denied.  Witness then told him, that he had given him
a bond ; and this he did not deny.  Witness was confident that
the bond he witnessed had a seal to it.  Benjamin Colby testi-
fied, that about the time the bond was said to be given, the
defendant borrowed from him a book of forms ; and not long
afterwards the defendant brought the book back, and said, that
he had given his father and mother a bond for their maintenance.

The plaintiff here rested his case ; and the defendant moved for a nonsuit, for the following reasons.

First, because there is no evidence showing a consideration for the bond.

Secondly, because there is no evidence to prove the conditions of the bond to be such as are set forth in the declaration, particularly the last condition.

And generally, because the evidence varies from the declaration, and does not sustain it. The motion was overruled by the court.

Further evidence was then introduced by both parties, and the defendant, among other matters of defence, introduced evidence tending to show that the plaintiff, for six years prior to 1844, voluntarily ceased to call upon the defendant for support, and was not supported by him during said six years.

The defendant requested the court to instruct the jury, that if they should find that the plaintiff voluntarily ceased to call upon the defendant for support for said six years, and was not supported by the defendant during that time, it was so far a waiver of the requirements of the bond, that no action could be maintained thereon till after a demand made.

The court declined so to instruct the jury.

The court charged the jury, that if they should find that the defendant gave to the plaintiff a bond or writing obligatory, containing in substance the covenants and conditions set forth in the plaintiff's declaration, and that the defendant had failed to keep those covenants and conditions, they should return a verdict for the plaintiff.

The jury having returned a verdict for the plaintiff, the defendant moved to set the same aside, and for a new trial, for supposed error in the foregoing rulings of the court.

And it was ordered, that the questions arising upon said motion be transferred to this court for their determination.

*Cushing*, (with whom was *Edes*,) for the defendant.

1. The declaration is on a lost deed. The pleas are *non est factum*, and *omnia performavit*. The verdict being for the

plaintiff, finds, that the deed declared on is the defendant's deed, and this verdict, with judgment upon it, will be an estoppel upon the defendant, and all claiming under him.

The plaintiff, under such circumstances, must prove his deed substantially as set forth.

He did not prove a consideration.

The witness Colby said, he thought he could remember the substance of the bond. But he did not remember the stipulation averred in the declaration, that the plaintiff and his wife should have, if they survived, the use of the farm, &c. This was a fatal variance.

2. The plaintiff, having voluntarily ceased to require the support, was not bound to perform, till notice was given him that it was required. If no notice was given, he had kept and performed all that he was bound to do.

*Tappan,* for the plaintiff.

1. It was not necessary to state or prove the *consideration* of the bond. The case finds, that the instrument declared on was a bond under seal. The statement in reference to the *consideration* might have been stricken out, without getting rid of a part essential to the cause of action. 1 Greenl. Ev. § 63 ; 3 Stark. Ev. 1527 ; Ibid. 1534 ; 1 Chitty's Pl. 225, 226, [305 and 307 ;] 1 Chitty's Pl. 344, (6th American Ed. 1833.) " Neither the want or failure of consideration is any defence to an action on a bond or other sealed instrument." *Badger* v. *Burleigh,* 13 N. H. Rep. 509. A bond, " from the solemnity of its execution, imports a consideration, the want of which the obligor is estopped by law to plead." *Page* v. *Infant- & al.,* 2 Mass. Rep. 162 ; *Vrooman* v. *Phelps,* 2 Johns. Rep. 177 ; *Dorr* v. *Munsel,* 13 Johns. Rep. 430. In covenant, it is not necessary to state the consideration. 1 Chit. Pl. 137, (6th American Ed. 1833.)

2. There is no material *variance* between the declaration and the proof. A *variance* is defined to be a disagreement between the allegation and the proof, in some matter which, in point of law, is *essential to the charge or claim.* 1 Greenl. Ev. § 63.

" The question, whether an allegation must be proved or not, turns upon its *materiality to the case*, and not upon the form in which it is stated, or its place in the declaration." Ibid. § 63, *note*. The plaintiff had an election to " bring an action of debt for the penalty, or to proceed upon the covenants, and recover more or less than the penalty ; and his demand may be repeated as often as there is a breach." *Perkins & al.* v. *Lyman*, 11 Mass. 76, and authorities cited ; 1 Chit. Pl. " Covenant," 111 – 112 ; Ibid. (6 American Ed. 1833,) 138 ; " Covenant lies on a bond, for it proves an agreement." 1 Chit. Pl. " Covenant " 111 – 112.

The plaintiff in this case had a right of action upon a breach of *either one* of the conditions in the bond. It was only necessary for him to prove so much of the contract, or so many of the covenants contained in the condition of the bond, as were necessary to sustain the charge, or breaches complained of. 1 Greenl. Ev. § 63 ; Ibid. § 66 ; 3 Stark. Ev. 1527 – 1529 ; Ibid. 1533 – 1534 ; *Cunningham* v. *Kimball*, 2 Mass. 65.

The plaintiff does not go for a breach of *all* the stipulations or conditions in the bond. The breaches assigned are, that the defendant did not support and maintain his father and mother, &c. The proof supports all these allegations in substance, and nearly in direct terms, with the exception of the last stipulation, which is especially relied upon by the defendant, to wit, *that in case the said John and Judith should survive the said Jacob Stickney, they should be entitled to the use of one half of the homestead farm*, &c. No breach of this stipulation is assigned in the declaration. It is not relied upon as a part of the cause of action. There could, in fact, be no breach of this condition in the lifetime of the defendant. It was in effect, a provision to take effect after his decease. It was, therefore, mere *redundancy*, in relation to which no proof was necessary, as no breach had been alleged, and it was not essential to the plaintiff's charge or claim, or in any way *descriptive* of that which was essential. 1 Greenl. Ev. § 63 and 67 ; 1 Chitty's Pl. (3d Amer. Ed.) 226, [307]. See above authorities from 3 Stark, Ev. ; *Badger* v. *Burleigh*, 13 N. H. Rep. 509.

" It is not necessary, in an action of covenant, that the plain-tiff should set out or prove all the covenants contained in the deed, when he did not complain that most of them had been broken." 1 Chit. Pl. 346, (6 American Ed. 1833.) An un-necessary averment of a breach or infringement of a contract declared on need not be proved, and may be rejected as surplus-age." *Ferguson* v. *Tucker,* 2 Har. & Gill, 183, cited in note to Chit. Pl. 343, (6 Amer. Ed.)

All that it was necessary for the plaintiff to set out or prove, was the substance of the bond and condition. *Rand* v. *Rand,* 4 N. H. Rep. 267. " In general, courts of law lean against an extension of the principle applied to the cases of variance." *Silver* v. *Kendrick,* 2 N. H. Rep. 166 ; *Badger* v. *Burleigh,* 13 Ibid. 507.

Under the state of facts shown by the case, no demand was necessary. This case differs from that of *Holmes* v. *Fisher,* 13 N. H. Rep. 9. In that case there was a voluntary waiver of the support for an *indefinite period.* In this, the case finds that the waiver was by virtue of a contract for a *definite period,* to wit, six years. Support under the provisions of the bond was waived, if waived at all, only for that time. When the time expired, the defendant again became liable for the support of the plaintiff and his wife. There is no pretence, that this contract was in satisfaction of the bond, or that the bond was designed to be cancelled by it.

But the case finds all that was necessary, by way of demand or notice, that the plaintiff claimed support under the bond. In reply to Isaac Colby, who was there for the plaintiff, the defend-ant " refused to support them any longer than the six years." At the expiration of that time the plaintiff and his wife left, and the defendant furnished them no further support. After the refusal of the defendant to support them longer than the six years, and at the end of that time saying he should " *turn them out,*" any further *demand* would have been a mere idle cere-mony, imposing upon the plaintiff a useless act. The ruling of the court, in declining to instruct the jury that a demand was necessary, was, therefore, correct.

Woods, J.  The form of action adopted in this case, is well enough.  Covenant is a remedy recognized by law for the recovery of damages for the breach of a covenant or contract under seal.

It is said, that in general, covenant will not lie on a contract *in presenti*, 1 Chitty's Pl. 115.  But the rule certainly has its exceptions, which it is not necessary now to specify.  It is the usual remedy upon indenture of apprenticeship.  It is common learning, that it lies on articles of agreement under seal, on deeds of separate maintenance, on covenants in deeds of conveyance, and on policies of insurance under seal.  And it seems, also, that it lies on a bond ; for it proves an agreement.  1 Chitty's Pl. (8 American Ed.) 116, and *note (a)*, and authorities there cited.  Comyns's Dig. Covenant, A. 2.

Covenant will not only lie on a bond, but would seem to be a better form of declaring than debt for a penalty securing the performance of the covenant, inasmuch as if the party elect to proceed for the penalty, he is precluded from afterwards suing for general damages, and it is said cannot, in case of further breaches, recover more than the amount of the penalty.  Whereas, if he proceed in covenant, he may ultimately recover beyond the amount of the penalty.  This is the doctrine of a variety of cases.  *Astley* v. *Welden*, 2 Bos. & Pull. 345 ; *Robinson* v. *Bland*, 2 Burrow's Rep. 1085 ; *Bird* v. *Randall*, 3 Ibid. 1351 ; Douglas, 97 ; *Harrison* v. *Wright*, 13 East, 347 – 8 ; *Dick* v. *Gaskill*, 2 Wheaton's Rep. 184 ; 1 Chitty's Pl. 118 ; Ld. Raym. 814.

It is a point in the defence, that a consideration for the defendant's bond is not shown.  We need not, however, inquire whether such proof is necessary in order to maintain the action.  Ordinarily, in an action upon a deed, it is not necessary to show a consideration for the giving of the bond.  A mere voluntary bond, given without any consideration, is good.  This rule is subject to certain exceptions.  When the bond operates in partial restraint of trade, a consideration is necessary to its validity, and must be shown.  So, perhaps, when some act to be done by the plaintiff is the consideration, and constitutes a condition

precedent, its performance must be shown.   1 Chitty's Pl.
(6th Amer. ed.) 366 ; *Grubb* v. *Willis*, 1 Serg. & Rawle,
107 ; 2 Black. Com. 446 ; *Page* v. *Trufant et al.*, 2 Mass.
152.   In the latter case, *Parsons*, C. J., says, " A bond, from
the solemnity of its execution, imports a consideration, the want
of which the obligor is estopped by law to plead."

The declaration describes the instrument declared upon, as
containing certain specific covenants, while the instrument proved,
contains only a portion of the covenants set forth in the declara-
tion.   The variance relied upon is in matters of description.
Now the rule upon this subject is stated by Mr. Greenleaf with
his accustomed accuracy, precision, and brevity : — " If the alle-
gation contains matter of description, and be not proved as laid,
it is a variance, and is fatal."   Thus, in an action for malicious
prosecution of the plaintiff upon a charge of felony, before
Baron Waterpark of *Waterfork*, proof of such a prosecution,
before Baron Waterpark of *Waterpark*, was held to be fatally
variant from the declaration.

So in an action of tort, founded on a contract, every particu-
lar of the contract is *descriptive*, and a variance in the proof is
fatal.   1 Greenl. Ev. § 64.

The allegation in the declaration, that " the said John Stick-
ney and Judith Stickney, in case they should survive the said
Jacob C. Stickney, should have the income and use of one half of
said homestead farm, and the use of half of the farming tools
on said farm during the remainder of the natural lives of the
said John Stickney and Judith Stickney," was an allegation of
a material provision of the contract, and clearly descriptive of it,
and being alleged, its proof was essential in order to show its
identity.   The contract stated, is the foundation of the plaintiff's
title or right to recover, and if it be stated with unnecessary
particularity, it is necessary, nevertheless, that it should be proved
as stated.   1 Greenl. Ev. § 51.

The true question, arising upon this branch of the exceptions,
is, not whether it was essential to the maintenance of the action,
that the declaration should have contained an allegation of the
provision under consideration, its breach not being relied upon

as the ground of action ; but it is, whether, in order to maintain the issue on the part of the plaintiff upon the first plea, being alleged, its proof is essential.

The issue upon that plea, involves the question whether the defendant made the deed which is described in the plaintiff's declaration. In order to maintain it on his part, it was necessary that the plaintiff should show a contract executed by the defendant, agreeing substantially in all its parts with that set out in the declaration. It was necessary that the proof should coincide with all the allegations descriptive of the material 'provisions of the bond. There is no pretence, however, that the evidence showed such a bond. The provision under consideration would render the contract a very different one from that given in proof. It is not open to doubt, that it is a material part of the contract declared on ; and a failure to prove it as alleged, is a failure to prove the issue on the part of the plaintiff. No competent proof, then, was offered, showing the existence of the contract declared on. And the plaintiff, failing to prove the existence of the contract declared on, which was the foundation of the action, of course failed to show any right of action. Moreover, it has been decided in this State, that in an action upon a deed, where the deed has been lost, and cannot be produced, it is necessary, in accordance with a well-settled practice, not only to set out the substance of the instrument in the declaration, but also to prove it as alleged. *Rand* v. *Rand*, 4 N. H. Rep. 278. The language of the court in that case is, " when a deed is lost and cannot be produced, he who relies upon it in pleading, ought to be held to state, and to prove the substance of the whole instrument ; for the same reasons that he is bound to produce the instrument when not lost. He ought not to be permitted to show such parts of the instrument as may be favorable to him, and leave it to the other side to show the rest ; but he ought to show the whole, both in his pleading and in his proof."

The declaration in *Rand* v. *Rand*, alleged, that the defendant was indebted to the plaintiff by his writing obligatory, under seal, in a certain sum, and that the writing was lost by time or acci-

dent, or destroyed by the fraud of the defendant's intestate, without setting out the condition of the bond. *Non est factum* was pleaded, and at the trial, the plaintiff offered evidence of a bond, such as was described in the declaration, excepting that it contained a condition that the obligor should maintain the plaintiff and his wife during their lives. Objection was taken to the evidence ; and it was holden, that there was a material variance between the proof and the declaration. The evidence did not support the issue on the part of the plaintiff. It was not shown, that the deed declared on, was the plaintiff's deed.

In that case, the plaintiff's allegation, descriptive of the deed declared on, failed of a full description of the material provisions of the entire deed proved. The proof was broader than the allegations. In the present case, the proof falls short of the allegations descriptive of the essential provisions of the bond.

The declaration in the present case, was evidently intended to be framed in accordance with the rule of pleading recognized in the case referred to ; but misdescribed the deed by the addition of a provision materially varying the rights and duties of the parties to the instrument.

We think the doctrine of the case of *Rand* v. *Rand,* decisive of the question under consideration ; and that the objection to the evidence offered in support of the declaration, upon the ground of variance, was well taken.

In this state of the case, the court below erred, in refusing to nonsuit the plaintiff, according to the motion of the defendant, and leaving it to the jury to find the existence of the contract declared on, without evidence.

The court should have given the jury the instructions requested by the defendant. After the plaintiff had voluntarily ceased to call upon the defendant for support for six years, the defendant was entitled to notice that the plaintiff desired further support at his hands ; and no action could be maintained against him for a neglect of duty in this particular, until after such notice, and a demand to furnish the support.

And that right was not lost or waived, by reason of what transpired between the defendant and Benjamin Colby. Colby

was the agent of the plaintiff, only to get a note renewed, not to make a demand, or arrange with the defendant, in regard to the plaintiff's future support.

It does not appear, that the plaintiff desired support from the defendant, or that the defendant would have refused it, if demanded by the plaintiff, or by any one authorized to make demand in his behalf. Colby's unauthorized conversation, and the defendant's remarks in reply, are immaterial. In order to entitle the plaintiff to this action, it is not only necessary that he should desire support, but that he should also notify the defendant of it. The defendant had done nothing by which he had waived this right to demand and notice.

The verdict must be set aside, and

*A new trial granted.*