# FOYE *v.* LEIGHTON & *a.*

Evidence, to be rebutting, must apply directly to the matter in controversy, and to the particular facts attempted to be made out by the opposite party.

The defendants introduced evidence showing the manner in which the business was carried on by them in a certain brick yard, as tending to show that their interests in the yard and business were separate. The plaintiff then offered evidence that the same method of conducting the business was adopted in other yards, of similar extent, where the business was carried on by one person only, or jointly by two or more persons. *Held,* that the evidence offered by the plaintiff was not in the nature of rebutting evidence, but was *res inter alios,* and inadmissible.

The proper office of a custom or usage in business, is to explain and ascertain the intent of the parties. It cannot be received in opposition to any principle

Foye *v.* Leighton.

of general policy, and must not be inconsistent with the terms of the agreement between the parties. It must be known and established, and so well settled and so uniformly acted upon, as to raise a fair presumption that it was known to both contracting parties, and that they contracted in reference to it, and in conformity with it.

ASSUMPSIT, upon an account annexed, for labor and services. The defendants pleaded the general issue.

Upon the trial, the defendants offered evidence, showing the manner in which the business was carried on in the brick yard in which the plaintiff labored, as tending to show that the interests of the two defendants in the yard and business were entirely separate. The plaintiff then introduced evidence tending to show that the same method of conducting the business was adopted in other yards, of similar extent, where the business was carried on by one person only, or jointly by two or more persons. The defendants objected to the evidence, but the Court admitted it.

The defendants proposed to prove, that since the commencement of this action, one of the defendants had paid the plaintiff a certain sum, on account of the labor and services sued for, and the costs of the suit. The Court ruled, that such evidence was inadmissible, except to reduce the damages ; and that, if admitted, it must operate as an admission of the joint liability of the defendants. To which ruling the defendants excepted, and declined to introduce the evidence.

It appeared that before the commencement of this suit, and after the plaintiff's services were completed, Winkley, one of the defendants, who denied the joint liability, had purchased the interest of the other defendant and agreed with him to pay the plaintiff and the other hands who had been employed in the yard. The Court remarked to the jury, that the joint liability depended upon the original contract in relation to the labor, and could not be affected by any subsequent contract between the defendants alone ; but they might bear this circumstance in mind in weighing the evidence in relation to the joint liability. To this the defendants excepted.

The jury returned a verdict for the plaintiff, and the defend-

ants moved for a new trial on the foregoing exceptions. The questions arising upon the exceptions and motion were reserved and assigned to this Court for determination.

*Soule*, for the defendants.

I. The only ground upon which the evidence of usage offered by the plaintiff can be received, is, that it shows a custom or usage. But the plaintiff offered it for what it was worth. He did not offer it for this purpose. *Parrot et al.* v. *Thatcher et al.* 9 Pick. 430.

We are not bound as partners, where we carry on business separately, because other persons conduct their business in the same way. 3 Barn. & Cress. 793 ; 1 Greenl. Ev. § 292. A contract in a case of this kind cannot be proved in that way. 2 Sumner's Rep. 567. Leighton has never denied his liability.

II. If here was a joint contract, payment by either would reduce the damages. *Bank* v. *Brackett*, 4 N. H. Rep. 557. If both are sued, and the one who admits his liability makes the payment, it does not thereby follow that they were in partnership.

III. The subsequent contract between the defendants could have no effect on the rights of the parties ; and the ruling of the Court was wrong, because the jury were told they might weigh this evidence.

*Christie*, for the plaintiff.

I. We do not say that the evidence introduced by us shows a joint contract. We introduced the evidence only to rebut the defendants' evidence. The defendants contended that their interests were separate ; but we say that the interests being joint, the business was carried on jointly.

II. The case of *Bank* v. *Brackett*, does not go so far as the counsel says. Money paid into court generally, admits the cause of action on every count. It admits the contract as stated in every count. 3 Taunt. 95 ; 2 East, Rep. 128. The payment could not go in bar of the action. The defendants should have pleaded in bar of the further maintenance of the suit.

III. The counsel misunderstands the ruling of the Court. The subsequent transaction does not alter the contract, but may help to judge of the original liability. The purchase by Winkley shows that they were originally jointly liable. Why did Leighton wish him to pay all the men employed, if they were not jointly concerned?

*Hale*, in reply. The purchase of the interest of one does not prove the nature of the seller's interest. The agreement to pay the hands was only a part of the consideration. In regard to the first point; if the plaintiff's evidence of usage does not show that to exist, it amounts to nothing. It is no matter if it was introduced as rebutting evidence.

EASTMAN, J. The defendants offered evidence showing the manner in which the business was conducted in the brickyard where the plaintiff labored, as tending to show that their interests in the business were separate, and that they were not in partnership.

This was competent. The manner of doing business in a brickyard, and preparing the brick for use and market, admits of a division of labor and of separate interests. One party may get out the clay, another may prepare the bricks ready for the kiln, and a third may superintend the burning; and there may still be other divisions. Each may have his separate work and his separate interest in the business. And it was competent and proper for the defendants to go into the matter in evidence, for the purpose of showing how the facts were, and that no partnership existed between them.

In the same manner might merchants, doing business in the same store, show that the goods upon one side of the store belonged to one party, and those upon the other side, to another; that their books were kept separately, their clerks hired by different individuals, and that their interests were distinct. Mechanics also might carry on different branches of the same business under the same roof, and yet have separate and distinct interests in the productions of their labor.

After the introduction of the defendants' testimony upon this point, the plaintiff was permitted to introduce evidence, subject to the defendants' exceptions, tending to show that the same method of conducting the business was adopted in other yards of similar extent, where the business was carried on by one person only, or jointly by two or more persons. It is said, in the argument, that this was introduced as rebutting testimony; and such we presume was the understanding at the trial. But we think its admission was erroneous, and that it could not be admitted upon that principle. The defendants, by showing the manner in which they carried on their business in that particular yard, where the labor was performed, undertook to establish that they were not in partnership. They relied upon specific facts as showing how the truth was. The evidence, then, to be rebutting, should be confined to the transactions under consideration. It should disprove the particular facts attempted to be shown upon the other side, and should not consist of new matter. The plaintiff might perhaps show such a custom or usage prevailing in this kind of business, as would override the facts and be an answer to the position assumed by the defendants. But such testimony would be in the nature of new evidence. It could not be regarded as rebutting, for it would be raising a new issue not before under consideration. The defendants did not set up any usage. They relied upon no general custom as showing their true situation in business, but upon particular facts and specific transactions. The introduction of the evidence by the plaintiff showing a usage, is striking out a new path, and assumes, for the first time in the case, that persons doing business in that manner in brickyards, are in partnership. Whether there be such a usage is an issue of the plaintiffs' raising, and has to be settled by the jury, before it can have any weight in disproving the facts and position of the defendants that they are not in partnership. We cannot therefore regard the evidence as rebutting, and on that ground admissible, but as *res inter alios*, and incompetent.

Nor do we think it admissible to show a custom or usage. A usage explains and ascertains the intent of the parties. It can-

not be in opposition to any principle of general policy, nor inconsistent with the terms of the agreement between the parties; for it incorporates itself into the terms of the agreement and becomes a part of it. 1 Sumner's Rep. 223. It must be known and established. 1 Greenl. Ev. § 292, and cases cited. It must appear to be so well settled, so uniformly acted upon, and of so long a continuance, as to raise a fair presumption that it was known to both contracting parties, and that they contracted in reference to it, and in conformity with it. *Rushforth* v. *Hadfield,* 7 East's Rep. 225; *Paull* v. *Lewis,* 4 Watts, 402; *Snowden* v. *Warder,* 3 Rawle, 101; *Stoever* v. *Whitman,* 6 Binn. 416; *Smith* v. *Wright,* 1 Caines's Rep. 44; *Frith* v. *Barker,* 2 Johns. Rep. 335; *Wood* v. *Hickok,* 2 Wendell, 501; *The Reeside,* 2 Sumner's Rep. 569; *Collings* v. *Hope,* 3 Wash. C. C. 150; *Christian* v. *Bowman,* 1 Hill, 270; *Loring et al.* v. *Gurney,* 5 Pick. 16; *McComber* v. *Parker,* 13 Pick. 182; *Eager* v. *Atlas Ins. Co.* 14 Pick. 143; *Leavitt* v. *Simes,* 3 N. H. Rep. 14.

The evidence offered, in order to be competent to establish a usage, must have a tendency to show that, in brickyards, similar in extent to the one where this labor was performed, those carrying on the business (if more than one does it) are uniformly in partnership. It must have a tendency to show that such is the known and established usage; and that when individuals undertake to carry on the business of brick-making, in yards of this description, they must be presumed to understand the usage, and that they will be considered by the public and those doing business with them, to be in partnership.

The evidence introduced was, that in other yards of a similar extent with this, the same method of conducting the business was adopted, whether the business was carried on by one person only, or jointly by two or more persons. And this we cannot regard as having any tendency to establish a custom or usage, by which individuals in this kind of business are to be adjudged in partnership. It shows the manner in which the business is done; that it is carried on in the same way whether more or less are engaged in it; but it can have no tendency to fix the existing

contracts between the parties transacting the business, any farther than it shall apply to the yard in regard to which the evidence is given. This position is not seriously controverted by the plaintiff's counsel, as we understand his argument.

The view which the Court have taken of the admissibility of this evidence, renders it unnecessary to examine the other exceptions raised in the case. This evidence having been erroneously admitted, the verdict must be set aside, and a

*New trial granted.*