## BUNKER *vs.* NUTTER.

Where an individual had given notice to take the poor debtor's oath, as prescribed in a specified act, which act had been repealed, and the creditor attended, but did not except to the notice for this cause, and the proper oath was taken, *held* that the exception was waived.

Where, on such attendance, the creditor proposed interrogatories to the debtor, previous to his being admitted to take the oath, relative to property before owned by him, and the disposition of it, which interrogatories were overruled by the magistrates, and the debtor was admitted to take the oath without answering the same, *held* that the discharge was invalid, as not being made in conformity to the statute.

DEBT ON A BOND, given with the condition that one Bradbury Scriggins, who was then under arrest, on an execution issued in favor of the plaintiff, should, within one year, take the oath prescribed for the ease and relief of poor debtors; or, in default thereof, should surrender himself up to the creditor, in the manner prescribed by the laws of this state.

On trial it appeared that application was made to two of the justices of the peace and quorum, to be admitted to take the oath prescribed by statute passed *the 16th of June,* 1807, entitled "an act to exempt certain goods and chattels of debtors from attachment and execution;" and on such application notice was issued to the creditor to appear on a day specified, and show cause why the debtor, on taking said oath, should not be discharged from his imprisonment.

On the day appointed the creditor appeared, to oppose the debtor's taking the oath specified in the petition, or any oath to discharge him from imprisonment, and proposed to put interrogatories to the debtor in relation to property owned by him at the time of his arrest, and since, and whether or not the same had been disposed of, and if so, in what manner; which enquiries were overruled by the justices, unless the debtor *was willing to answer the same,* which he declined doing; and the hearing on said petition was continued to a

subsequent day, when, without farther attendance on the part of the creditor, the justices administered to the debtor the oath prescribed by law for the relief of poor debtors, and he was thereupon discharged from imprisonment.

It was in evidence that the creditor, at the time of his appearance, took no exception to the notice which had been given.

On the foregoing facts it was agreed, that if the plaintiff was entitled to recover, judgment should be rendered for him for the amount of the original execution in behalf of the creditor, and interest thereon ; otherwise judgment was to be for the defendant for his costs.

*Bartlett*, for the plaintiff, contended, 1. That the notice to the creditor was insufficient, for the reason that the oath proposed to be taken in said notice was prescribed by the act for the relief of poor debtors, passed June 16th, 1807, which act had been repealed by statute of January 3, 1829, and that act by statute of January 3, 1833.

2. That the creditor had a legal right to put interrogatories to the debtor, prior to his being admitted to take the poor debtor's oath ; and the refusal of the magistrates to require of the debtor answers to such interrogatories, rendered any discharge obtained under such circumstances invalid.

*Elkins*, for the defendant, argued that it was a sufficient answer to the first exception of the plaintiff, that it was not necessary to state the statute prescribing the oath, in the petition and order of notice, and that, although it was stated, " there was nothing to suggest a supposition that the creditor, or his attorney, could have been misled by this erroneous statement," if erroneous it was ; and, as bearing on this point, cited 6 *N. H. R.* 374, *Osgood* vs. *Hutchins & al.*

Besides, the plaintiff appeared, and took no exception to the form of the notice. It was, therefore, waived ; and the case finds that the proper oath, as required by the statute,

was administered, which, under such circumstances, constitutes a sufficient discharge.

As to the second point, it was contended that the creditor had no legal right to propound interrogatories to the debtor previous to his being admitted to take the oath, but should sustain any objection he might have to his discharge by other witnesses ; and, unless this was done, the duty of the magistrates was merely ministerial, and the sole responsibility of taking the oath rested on the debtor. That the oath therefore in this case was properly administered, and the discharge of the debtor was in full compliance with the statute.

UPHAM, J. In the application made in this instance to take the poor debtor's oath, the applicant states that he has not any estate, real or personal, in possession, reversion, or in remainder, to the amount of twenty dollars, excepting goods and chattels exempted from attachment and execution, and he prays to be admitted to take the oath prescribed by act of 16th June, 1807. The object of the application is so fully set forth, that the design must have been apparent to the creditor, notwithstanding the wrong statute was specified.

Had the creditor paid no regard to this notice, he might have availed himself of any technical defect ; but he took cognizance of it so far as to appear ; and, when present, took no exception to the form of the application, but objected only generally to any oath being administered to the debtor, to discharge him from imprisonment. It appears, also, from the proceedings, that the legal oath was taken.

Under these circumstances, as the notice was formal in all respects save as regards the date of the statute, and as no exception was originally taken on this account, it must be regarded as waived. The creditor cannot be permitted to lie by to this late hour, and now avail himself of any such defect.

The second exception is, that the plaintiff's attorney pro-

posed to the magistrates selected on this occasion to put interrogatories to the debtor, previous to his being admitted to take the oath ; but they overruled the motion.

This was done on the ground that the debtor was not bound to answer any enquiries, except at his election ; and, as no other evidence was proposed, that it was the duty of the magistrates to admit the debtor to his oath, if he elected to take the same.

The statute provides for *a hearing* before the magistrates ; and " if at the hearing the creditor can make it appear to the ' satisfaction of said magistrates or commissioners that the ' prisoner has practised fraud, deceit or falsehood, in the man- ' agement of his estate, real or personal, in order to take ad- ' vantage of this act, he shall not be admitted to swear ; but ' if no sufficient objection is made by the creditor or his at- ' torney, the said justices or commissioners shall administer ' the oath prescribed by statute."

This oath consists of a declaration by the debtor " that he has no property, real or personal, in possession, remainder or reversion, beyond a specific sum ;" with a declaration that he " has not at any time, directly or indirectly, sold, leased, ' or otherwise conveyed or disposed of, to, or entrusted any ' persons with, any part of his estate, with intent or design ' to secure the same, or to receive or expect any profit or ad- ' vantage therefor, nor has he caused or suffered any thing ' else to be done whereby any of his crediters might be de- ' frauded." 1 *N. H. Laws* 478.

The statute thus places it in the power of the party to make himself a witness in his own case, so far as relates to his release from arrest ; and he thus necessarily submits himself to a cross-examination of the opposite party ; and we know of no reason under such circumstances why he should resist such enquiries as may tend to elicit the whole truth, or on what principle the creditor shall be debarred the privilege of testing the knowledge and veracity of the witness as to the subject matter of his testimony.

But in this case no such privilege was allowed. The debtor was in substance admitted to his discharge without any hearing, notwithstanding the creditor was present, and proffered testimony for the consideration of the magistrates, having a most evident and important bearing on the question before them.

In this ruling we think the magistrates clearly erred. It makes no difference that the hearing stood continued; the ruling never was reversed so that the party could propound interrogatories which he was legally entitled to make under the statute. The bond, therefore, is forfeited; and in pursuance of the agreement there must be

*Judgment for the plaintiff.*