## BELL vs. ADAMS.

In computing the time in which a debtor, who has been arrested upon execution, and given bond, under the statute of January 3, 1833, must apply and be admitted to take the oath prescribed for poor debtors, the day of the arrest is to be excluded.

DEBT on a bond, dated April 19, 1836, executed under the statute of 1832, upon the arrest of Benjamin Adams, on an execution in favor of the plaintiff.

The case was submitted to the determination of the court upon a statement of facts.

The defendant signed the bond as surety of Benjamin Adams, and the arrest was made on the day of the date.

Benjamin Adams, some time in April, 1837, made application to two justices of the peace and quorum for the county of Coos, where he was arrested, to be discharged from his arrest and imprisonment, and on the 19th of April, 1837, took the oath as prescribed by law for the relief of poor debtors.

If, on the above facts, the plaintiff could sustain his action, the defendant was to be defaulted; if otherwise, the plaintiff was to be nonsuit.

*Bell*, for the plaintiff. The objection to the discharge is that it was not in time. The debtor was arrested and gave bond April 19, 1836. He took the oath April 19, 1837; and the question is, whether the day of the arrest is to be included or excluded. On the authority of *Priest* vs. *Tarleton*, 3 *N. H. Rep.* 92, the day is to be included, and the condition of the bond is broken, the oath not having been taken within the year.

*Jona. Smith*, for the defendant.

PARKER, C. J. There are two general rules for the computation of time, as settled by previous decisions in this state.

If the computation is to be made from an act done, or the time of an act, the day on which the act is done is to be included. 3 *N. H. Rep.* 92, *Priest* vs. *Tarleton.* If it be made from a date, or the day of a date, the day is to be excluded. 4 *N. H. Rep.* 267, *Rand* vs. *Rand.*

Whether this distinction was originally founded in any sound reason, it seems now too late to inquire. It is well settled, by various authorities and by long practice, that in computing time on promissory notes the day of the date is to be excluded. 3 *N. H. Rep.* 14, *Leavitt* vs. *Simes.*

And a long practice under our statutes, providing that writs of mesne process shall be served fifteen days before the sitting of the court to which the process is returnable, has sanctioned the rule for including the day upon which the service is made, as one of the fifteen days.

The two classes of cases, established by the authorities before referred to, are so well settled in our practice, that we should not be justified in attempting to adopt a single uniform rule.

The question is, to which class this case belongs. The statute of January 3, 1833, provides that when any person shall be arrested or imprisoned on execution, he shall be discharged from such arrest or imprisonment, upon giving bond to the creditor, with two sufficient sureties, &c., with a condition that if the debtor "shall within one year from the day of his arrest, the —— day of ——, A. D., ——, apply to the proper authority, and be admitted to take, and actually take, the oath or affirmation prescribed by the laws of this state for the relief of poor debtors, or in default thereof shall surrender himself up to the creditor, in the manner prescribed by the laws of this state, then this obligation to be void," &c. 2 *N. H. Laws* 95.

If the condition of the bond had simply provided, that the debtor should, within one year from his arrest, apply, &c., the day of his arrest must have been considered inclusive, in which case the plaintiff would prevail.

But the legislature, instead of providing a condition by which the debtor is to take the oath within one year from the arrest, or from the time of the arrest, have enacted one by which he shall apply within one year " from the day of his arrest," the date of which is set down, and immediately follows, in the condition itself. If any thing can be inferred from the peculiar phraseology of the condition, indicating a rule of computation, it is, that the legislature intended that the day of the arrest should be excluded. The reckoning is to be from a date, which is set down in the condition. He is to apply in one year from a certain day, which is the date of the arrest.

In *Blake* vs. *Crowninshield*, 9 *N. H. Rep.* 304, we held that where, by a written contract, something was to be performed in so many days, without saying more, the true construction was that it was to be so many days from the date, and the time to be computed exclusive of the day of the date. This seems to be a stronger case for such computation.

But this is not the only matter by which we may ascertain the true rule of computation here. By a statute passed January 13, 1837, it is enacted a person surrendered by his bail shall not be obliged to remain in close confinement, but shall be discharged upon giving bond, &c., with a condition, that " if he shall, on the twenty-ninth and thirtieth days following the day of his being surrendered by his bail, it being the ―― day of ――, A. D., ――, surrender himself up to the keeper of the jail," &c. And to remove any doubts respecting the computation of the time, the next section enacts, " that in reckoning said thirty days the day of the surrender shall be excluded." 2 *N. H. Laws* 243. The language of the condition in this statute is, in its effect, similar to that of the condition prescribed by the statute of 1833, except, perhaps, that the term, " following," may have some force indicating the exclusion of the day.

We have no doubt that conditions similar in their language should have a similar construction. The latter statute,

therefore, indicates that the day of the arrest should be excluded in computing the time in this case.

*Plaintiff nonsuit.*