## ODIORNE *vs.* QUIMBY.

Where a statute provided that a party arrested on execution might give bond, with a condition within one year from the day of his arrest to apply to the proper authority and take the oath prescribed for poor debtors, or in default thereof to surrender himself up to the creditor in the manner prescribed by the laws of the state ; and then enacted that if he should not within one year from the day of his arrest take the oath, or be otherwise discharged, he should, on the next day after the expiration of said year, surrender himself up to the keeper of the gaol, &c.—*Held*, that in computing the time, the day of the arrest was to be excluded, and that where the arrest was on the 22d of November, a surrender on the 23d of the next November was within the terms of the condition.

DEBT on a bond given by the defendant and others to obtain the discharge of Isaac Quimby, one of the signers, from arrest, on an execution in favor of the plaintiff, in pursuance of the law for the relief of poor debtors.

The action was commenced November 23, 1839, and was submitted to the determination of the court on a statement of facts. The arrest was made at Sandwich, in this county, November 22, 1838, and the bond given and dated the same day. The condition of the bond is in the form prescribed by the statute of 1833 ; and among other things provided that said Isaac Quimby " shall surrender himself up to the creditor in the manner prescribed by the laws of this state."

Isaac Quimby was not at the gaol in said county on the 22d day of November, 1839, but the creditor was then there, with his alias execution, ready to arrest him. He was at the gaol on the 23d day of November, 1839, from the hours of twelve M., to three, P. M.

Judgment to be rendered for the plaintiff for the amount of his execution costs and interest, or for the defendant for his costs, according to the opinion of the court on the foregoing case.

*C. W. Woodman,* for the plaintiff, cited 3 *N. H. Rep.* 93,

Odiorne *v.* Quimby.

*Priest* vs. *Tarleton;* 1 *Pick.* 495, *Bigelow* vs. *Wilson;* 4 *Greenl. R.* 301, *Windsor* vs. *Cummings.*

*S. Emerson*, for the defendant, cited *Chit. on Bills* 270 ; 4 *N. H. Rep.* 267 ; 8 *Mass. R.* 453 ; 1 *Pick.* 485 ; 3 *N. H. Rep.* 92 ; 3 *East* 407 ; 2 *Saund.* 275, *a.* ; 11 *Mass.* 204 ; 3 *D. &. E.* 263.

Parker, C. J.  The condition of the bond in this case, being in the form prescribed by the statute of 1833, is, that if the debtor, " now a prisoner at the suit of," [the plaintiff] " shall within one year from the day of his arrest, the day of    , A. D.    , apply to the proper authority, and be admitted to take, and actually take, the oath or affirmation prescribed by the laws of this state for the relief of poor debtors, or in default thereof shall surrender himself up to the creditor, in the manner prescribed by the laws of this state, then this obligation to be void, or else to abide in full force and virtue."

The second section of the same act provides, " That if any person, having given bond as aforesaid, shall not, within one year from the day of his arrest aforesaid, take the oath or affirmation prescribed by the law of this state for the relief of poor debtors, or be otherwise discharged, he shall, on the day next after the expiration of said year, unless the same be the Sabbath day, and in that case on the next succeeding Monday, surrender himself up to the keeper of the gaol, in the county where he was originally arrested or committed, and remain at said gaol from twelve o'clock at noon, till three o'clock in the afternoon on said day, so that the creditor may cause him to be again arrested on his said execution, or upon a new execution," &c.

The only question made by the counsel in this case is respecting the rule for the computation of the time within which the surrender may be made.  In the case *Bell* vs. *Adams, Grafton, July,* 1839, (10 *N. H. Rep.* 181,) the

question was, whether the debtor took the oath within the time limited ; and we were of opinion that, from the particular phraseology of the condition, the computation was to be regarded as made from the day of the date of the arrest. This construction was fortified by the provisions of the statute of January 13, 1837, where language similar in its effect is used, and where the legislature have enacted the rule for computation, by which the day is excluded. That case settles the present. Excluding the day of the arrest, it is conceded that the debtor has complied with the terms of the condition, by surrendering himself on the day next after the expiration of the year.

*Judgment for the defendant.*