## BLAKE & a. *vs.* GILBERT.

Upon the hearing of an application to take the poor debtor's oath, the debtor may offer himself, and may testify as a witness in chief, in relation to the matters under consideration.

*Semble,* that if the magistrates receive testimony incompetent by the rules of law, the discharge will not for that reason be held invalid.

DEBT upon a gaol bond in the usual form, dated on the 30th day of October, 1839, and given for the release of one Samuel J. Valpey from arrest upon an execution in favor of the plaintiffs against Valpey, and signed by the defendant as surety for Valpey.

The defendant proved that Valpey, on the 2d day of May, 1840, before David C. Churchill and Arthur Latham, Esquires, two justices of the peace and quorum for this county, upon due notice and appearance by the plaintiffs, was admitted to take, and did take, the poor debtor's oath in the form prescribed by the statute.

In answer to the defence thus set up, the plaintiffs offered to prove that at the hearing before the magistrates, the plaintiffs appeared and introduced evidence for the purpose of showing cause why Valpey should not be permitted to take the oath, and that afterwards, at the same hearing, Valpey offered himself as a witness in chief in relation to the matters under consideration. The plaintiffs objected to him as incompetent, but the objection was overruled by the magistrates, and he was permitted to testify.

The court rejected the evidence thus offered, and a verdict was taken, by consent, for the defendant, subject to the opinion of this court upon the foregoing case.

*Wilcox,* for the plaintiffs. The oath in this case was not taken according to the rules of law, and the magistrates in administering it are as much bound by the law as any other tribunal. They are bound to apply the ordinary rules of evidence, and if those rules are disregarded, their proceedings should be held invalid. Here the party interested, and whose position is analogous to that of a party to the record, testified in chief. He should try

his case upon those rules which regulate other parties, for the statute makes no exception in his favor. He is allowed to take the oath, and nothing more. He is not to lay the foundation for the oath, by testifying to the merits of his case.

*Kittredge*, for the defendant.

GILCHRIST, J.   By the 3d section of the Act of Jan. 3d, 1829, *N. H. Laws* 476, (*Ed. of* 1830,) it is provided that the magistrate "shall administer the following oath or affirmation to the debtor." There is no other statutory provision on the subject, and nothing farther is said in relation to the testimony of the debtor.

The position taken by the counsel for the plaintiffs goes far enough to maintain that, for the admission of any evidence which in a court of law would be incompetent to be submitted to a jury, we must hold the proceedings of the magistrates invalid.

Thus for the admission of hearsay evidence, or of evidence from an interested witness, however small his interest might be, or for the admission of any evidence which would render it proper to set aside a verdict, we must, upon the reasoning of the counsel, disregard the certificate of the magistrates.

But there does not seem to be the same reason for the application of the rules of evidence in a case where the same tribunal performs the duties both of the court and of the jury.   Perhaps in such a case it would not be unsafe to hold the presumption to be, that only the competent evidence has any weight with the tribunal. Thus in libels for divorce, and petitions for new trials under the statute, and in other proceedings of a similar character, it is often necessary for the court to read incompetent evidence, but such evidence is not made a ground of action.   It would be nearly impracticable to grant the remedies provided by the statute, if we could not decree a divorce or grant a new trial, if among the papers there should be found the deposition of an interested witness, or if in a deposition there should be an incompetent sentence.   Incompetent evidence is often read, but, upon ascertaining its character, the court lay it aside, and do not weigh it with the other testimony.

Blake *v.* Gilbert.

In the present case the debtor is the only person without whose oath the discharge cannot be granted. To a certain extent he is a witness, but it is said that he is not a witness in chief. But he may be inquired of, when he presents himself, in relation to all the matters that may tend to elucidate the subject which the magistrates are to determine upon. It cannot be material at what time he states and explains his pecuniary condition, and answers such questions as may be put to him. We think he may anticipate the testimony which the plaintiffs propose to introduce in opposition to his discharge, by making such explanations of his condition as he may desire the magistrates to consider, in the first instance. Or he may wait until after the evidence is offered, and may then rebut it by his testimony. The statute places it in his power to make himself a witness in his own case, so far as relates to his release from arrest ; and he thus necessarily submits himself to a cross examination by the opposite party. *Bunker* vs. *Nutter*, 9 *N. H Rep.* 557. If the magistrates overrule interrogatories addressed to him relative to property before owned by him, and the disposition of it, the discharge will be invalid. *Ibid.* They cannot therefore exclude competent testimony, but they must hear it and weigh it. But even if they should hear incompetent evidence, we cannot presume that they were influenced by it, and we do not think that even in such case we should have any authority to interfere.

*Judgment on the verdict.*