Scovell *v.* Holbrook.

## SCOVELL AND WIFE *v.* HOLBROOK.

Where a debtor gave a jail bond, dated December 10th, 1849, conditioned to take the oath or affirmation prescribed by law for the relief of poor debtors, within one year from the date of the same, or in default thereof surrender himself to prison as prescribed by law — *Held*, that in computing the time within which the debtor should take the oath, the day of the date of the bond should be excluded; that the year commenced on the 11th of December, 1849, and terminated on the night of the 10th of December, 1850; and that the taking of the oath on the 11th of December, 1850, was not a compliance with the condition of the bond.

If the creditor and his attorney appear on the 11th to oppose the taking of the oath, the condition of the bond is not thereby waived or changed, and their appearance does not take away the plaintiff's remedy on the bond for the breach of the condition in not taking the oath within the year.

In order to comply with the terms of the statute, providing that the debtor, in case he does not take the oath within the year, shall, on the next day after the expiration of the year, surrender himself to the keeper of the jail, and remain at said jail from twelve o'clock noon, till three o'clock in the afternoon, the debtor must make known to the jailor the purpose for which he is at the jail, and must remain at the jail during the full time from twelve o'clock till three.

DEBT, on a jail bond, dated December 10th, 1849, given to the plaintiffs by one John N. Hodskins, as principal, and the

23 *

defendant and another as sureties, with condition that if the said Hodskins, a prisoner on the plaintiff's execution, should, within one year from the date thereof, apply to the proper authority, and be admitted to take, and should actually take the oath or affirmation prescribed by law for the relief of poor debtors, or in default thereof should surrender himself to prison as prescribed by law, then said obligation to be void.

On the 25th of November, 1850, Hodskins applied to the proper authority for an order of notice to take the poor debtor's oath. The application and notice represented the execution on which he was arrested, and from which he wished to be discharged, to be in favor of Frederick Scovell, there being no mention of Sarah Scovell his wife, as a party, in any way. The notice was properly served upon said Frederick, to appear at the jail in Keene, on the 11th day of December, 1850, at ten o'clock in the forenoon, to show cause why the said Hodskins should not be permitted to take the poor debtor's oath.

Hodskins appeared, agreeably to the notice, and the said Frederick and his attorney were present and examined him under oath in regard to his property. No sufficient objection appearing, the justice administered to him the oath in proper form. Hodskins left the jail after taking the oath, and before one o'clock in the afternoon, and did not again return.

The writ of execution against Hodskins, and in favor of Scovell and wife, was returned to the clerk's office March term, 1850, and no alias execution has since issued. There was no execution in existence at any time in favor of Frederick Scovell alone, against said Hodskins.

The parties agreed that if from the foregoing statement of facts, the Court should be of opinion that the defendant is liable, in this action, for a breach in the condition of the bond, judgment should be rendered for the plaintiffs for the amount of the execution, with the damages allowed by law; otherwise the plaintiffs should become nonsuit. And the questions arising upon the case were transferred to this Court for determination.

*Lane,* for the plaintiffs.

I. Hodskins did not take the poor debtor's oath within the year after giving the bond. *Bell* v. *Adams*, 10 N. H. Rep. 181; *Odiorne* v. *Quimby*, 11 N. H. Rep. 224. Nor did he surrender himself at the prison as prescribed by law. Rev. Stat. chap. 199, § 5. There was, therefore, a breach of the condition of the bond, and the plaintiffs are entitled to recover. Rev. Stat. chap. 199, § 9.

II. The notice to take the poor debtor's oath was insufficient, even if the oath had been taken within the year. Rev. Stat. chap. 200, §§ 1 and 2.

*Wheeler & Faulkner*, for the defendant.

I. The objection that the notice was addressed to Frederick Scovell alone, was waived at the time of the hearing, by the appearance of the said Frederick and the attorney who appeared in the original action for both Frederick and Sarah Scovell, and cannot now be sustained. *Bunker* v. *Nutter*, 9 N. H. Rep. 554; *Osgood* v. *Hutchins*, 6 N. H. Rep. 374. As the case finds that there was no execution at any time in existence in favor of said Frederick against said Hodskins, there can be no pretence that the creditors or their attorney were deceived or misled by the notice.

II. The condition that Hodskins should surrender himself to prison as prescribed by law, was fulfilled. Section 5, chap. 199, of the Revised Statutes, provides that the debtor shall, on the day next after the expiration of said year, surrender himself to the keeper of the jail, &c., and remain from 12 o'clock noon to 3 o'clock afternoon. Section 1, chap. 200, authorizes any person arrested or committed to jail on execution or who has given bond, &c., to make application to be admitted to take the poor debtor's oath; and section 9, same chapter, prescribes, that after taking the oath, his person shall be exempted from arrest on the debt on which he was so arrested. There is no limitation of time within which this oath must be taken; no day selected out from the rest on which it cannot be taken. Hodskins, on the day after the expiration of the year, surrendered himself to prison as prescribed by law. He left the prison before three o'clock, because he had

been legally discharged, and was therefore excused from remaining till three o'clock.

This construction of the condition of the bond will not prejudice the rights of the creditor in this case. He could not have arrested the debtor, after taking the oath, even if he had remained till three o'clock.

III. The conduct of the creditor and his attorney in appearing and interrogating the debtor under oath, shows that they did not then intend to hold him to a strict performance of the letter of the condition of the bond. At the hearing they did not take the exception that he could not properly be discharged by taking the oath on that day; and it must now be considered as having been waived. If the debtor on the hearing had failed to make out a case which would entitle him to a discharge, he would have been imprisoned, and it would be contrary to justice and equity to permit the creditor, first to object to his discharge, on the ground that he was not in a condition to take the poor debtor's oath, on account of his pecuniary circumstances, and, failing in this, to insist upon the penalty of the bond, on the ground that the oath was not taken at a proper time.

EASTMAN, J. The condition of the bond on which this suit is brought, is, that Hodskins, the prisoner, should, within one year from the date of the bond, take the oath prescribed for the relief of poor debtors, or, in default thereof, surrender himself to prison as prescribed by law. The provision of the statute upon the subject is as follows: " If the debtor, giving such bond, shall not, within one year from the date thereof, take the oath or affirmation prescribed by law for the relief of poor debtors, or be otherwise discharged, he shall, on the day next after the expiration of said year, unless the same shall be Sunday, and in that case, on the Monday following, surrender himself up to the keeper of the jail in the county where he was originally arrested or committed, and remain at said jail from twelve o'clock at noon till three o'clock in the afternoon of said day, and his sureties on such bond shall be thereby discharged." Rev. Stat. chap. 199, § 5. And the ninth section of the same chapter provides, that on

condition broken, the creditor shall recover, by action on such bond, his just debt or damages, and costs thereof, &c.

By the provisions of the statute, and the terms of the bond, it became necessary for the debtor, if he would perform the condition of the bond and avoid liability thereon, either to take the poor debtor's oath within one year from the date, or surrender himself at the jail on the day next after the expiration of the year, and there remain from twelve o'clock noon till three o'clock in the afternoon. The condition could be kept in two ways,— by taking the oath within the year, or by a surrender at the jail on the day after, and remaining there the prescribed time. Has either been done?

By the Revised Statutes, prescribing the mode of reckoning time, the day of the date of the bond is to be excluded in the computation, in making up the year. Rev. Stat. chap. 1, § 25. And prior to the passage of the Revised Statutes, the same rule prevailed, so far as bonds of this description were to be regarded. Thus, in *Bell* v. *Adams*, 10 N. H. Rep. 181, it was said, that in computing time in which a debtor who has been arrested on execution and given bonds under the statute, must apply and be admitted to take the oath prescribed for poor debtors, the day of the arrest is to be excluded. To the same effect is *Odiorne v. Quimby*, 11 N. H. Rep. 224.

The bond in suit was dated December 10th, 1849. Excluding the day of the date, the year would commence on the 11th day of December, 1849, and terminate on the night of the 10th of December, 1850. That would make the full year. On the 11th of December, 1850, the debtor was at the jail for the purpose of taking the poor debtor's oath, which was then administered to him. He did not therefore take the oath within the year, but on the day succeeding; and his taking it at that time, was an act done without any provision of law, and no performance of the condition of the bond. The fact that the plaintiff and his attorney were present when the oath was administered, does not remedy the difficulty under which the defendant labors. The time within which the oath could be taken, had then expired; and no appearance of theirs, or interrogatories

put by them, or opposition made to the debtor's taking the oath, could change the obligations contained in the. bond, and extend the time within which the oath was to be taken. It requires acts of a higher degree than those, to waive the conditions of a sealed instrument.

The case however finds, that when the debtor was at the jail on the 11th of December, the day after the expiration of the year, he remained there from ten o'clock in the forenoon till one o'clock in the afternoon, at which time he left the jail, after having taken the oath, and did not again return. The statute requires that the debtor shall surrender himself to the keeper of the jail, and remain at the jail from twelve o'clock noon till three o'clock in the afternoon. The surrender is to be made to the keeper of the jail. He should be notified of the purposes for which the debtor is there. Unless that be done, — unless the debtor give his name, and state the object of his being there, or do some act equivalent thereto, so that he can be readily arrested if desired, — there is no surrender within the meaning of the statute. Had the debtor in this instance remained at the jail during the prescribed time, a question might arise under the circumstances of the case, whether, as the plaintiff and his attorney were present, there was not evidence from which a jury might find a surrender. But inasmuch as the debtor left at one o'clock and did not return, it is clear that no surrender has been made according to the requirements of the statute.

The debtor not having taken the oath within the year, nor surrendered himself at the jail on the day after, according to the provisions of the statute, the condition of the bond has not been kept in either respect; and, according to the agreement of the parties, there must be judgment for the plaintiff.

In the view in which the Court have taken of the case, it has become unnecessary to examine with any particularity the exception taken to the application and notice. As a general principle, an appearance upon notice served, without any exception being taken at the time of service or appearance, is a waiver of all formal defects. A somewhat similar question to this was decided in *Bunker* v. *Nutter,* 9 N. H. Rep. 554.

*Judgment for the plaintiff.*