## SAMUEL ASH *versus* OTIS SAVAGE.

Possession is not essential to the validity of a mortgage of goods and chattels.

And if a mortgagor of goods and chattels retain the possession, this circumstance alone is not evidence of fraud.

TROVER for a yoke of oxen. The cause was tried at November term, 1830, upon the general issue, and a verdict taken, by consent, for the plaintiff, subject to the opinion of the court upon the following case.

On the 25th March, 1829, Lemuel Barrett, being the owner of the said oxen, and being justly indebted to the plaintiff in the sum of $50,40, sold the same oxen to the plaintiff, for that sum, with a condition, that if he paid to the plaintiff the said sum of $50,40, within six months, the sale to be void. And it was agreed that in the mean time, the oxen should remain in the possession of Barrett.

On the 14th September, 1829, the defendant, a deputy sheriff, by virtue of a writ in favor of Hamlin Rand, against the said Barrett, attached the oxen and delivered them for safe keeping to a third person.

On the 21st September, 1829, Barrett relinquished his right to redeem the oxen, and delivered them to the plaintiff, they being at the time in the possession of the said third person.

On the 24th September, 1829, the defendant, by virtue of a writ in favor of Johnson and others, against Barrett, again attached the said oxen, the same still remaining in the possession of the said third person.

On the 12th October, 1829, Rand relinquished his attachment.

The oxen were afterwards sold by the defendant, upon an execution obtained by the said Johnson and others in their said suit.

*Jonathan Smith* for the plaintiff.

*Goodall, Woods,* and *J. Parker,* for the defendant, argued,

1st. That there was here no delivery. There was no pretence of delivery at the time of the agreement, and the attempt to deliver on the 21st September, was nugatory, the oxen then being in the custody of the law, and in possession of the defendant. They were legally attached by Rand, and the defendant then held them under that attachment, and there could be no legal delivery, as delivery implies possession, and the plaintiff could not then lawfully have possession. Johnson's and Goodall's attachment, therefore, stands on the same ground as Rand's would have done.

2d. From the facts in the case this would seem to be a sale, with liberty to repurchase. But if the transaction constituted a mortgage, the question would be, whether a mortgage without delivery, the vendor retaining the possession and use, is good against creditors, it being part of the agreement that the vendor should have the possession and use.

The present was a stronger case than that of *Coburn* v. *Pickering,* 3 N. H. Rep. 415, for here the agreement, that the vendor should retain possession, was part of the original contract, and here also was an actual trust, as the vendor, by the contract, was to have the use for six months without compensation.

And they contended, that under these circumstances the transaction could not be considered *bona fide* as against creditors, and that the rules adopted in relation to absolute sales were equally applicable in case of mortgages of chattels.

So far as respects creditors, there was the same reason, that possession should accompany a mortgage of chattels as in case of a pledge, and there was no analogy between mortgages of chattels and mortgages of land, 3 N. H. Rep. 429. If it should be held that mortgages of chattels without possession were valid, it would open all the avenues to fraud which it was supposed *Coburn* v.

*Pickering* had finally closed—there would in fact be greater facilities for fraud, as a mortgage for a small amount would effectually prevent an attachment, and it would ere long become necessary for the legislature to correct the evils by a positive enactment.

The opinion of the Court was delivered by

RICHARDSON C. J. In this case there was a just debt due to the plaintiff; and the oxen were conveyed to him by way of mortgage to secure the debt, with an agreement, that the mortgagor should retain the oxen in his possession, until the condition should be broken. It does not appear that there was any secrecy as to the transaction, nor is there any thing stated in the case which indicates fraud, unless it be the circumstance, that possession was retained by the mortgagor under the agreement.

Two questions arise. In the first place, was possession essential to the title of the plaintiff under the mortgage? In the next place, did the possession of the mortgagor, under the circumstances, render the mortgage fraudulent in law, with respect to creditors?

The first of these questions has long been settled in this court. Possession is essential to the validity of a pledge of personal property; but not to the validity of a mortgage. 2 N. H. Rep. 13, *Haven* v. *Low.*

The other question has also been settled in this court; in the same case of *Haven* v. *Low*, where a chattel is mortgaged, possession by the mortgagor may, in some cases, be evidence of fraud, but is never a fraud in law, or conclusive evidence of fraud.

The law is the same in Maine. 5 Greenl. 309, *Holbrook* v. *Baker*; in Massachusetts, 1 Pick. 389, *Badlam* v. *Tucker*; 2 Pick. 607, *Holmes* v. *Crane*; 5 Pick. 59, *Ward* v. *Sumner*; in New-York, 3 Cowen, 166, *Bissell* v. *Hopkins.* The principle has been adopted in the circuit court of the United States for the first circuit, 4 Mason, 534, and has been recognized by the supreme court of the United States. 1 Peters, 449.

Ash
*v.*
Savage.

Whether it would not be better, if no mortgage of personal property were held to be valid, unless the mortgagee took possession, is a question fit for the consideration of the legislature. But we must administer the law as we find it.

In this case there was a debt to be secured, a contract to secure the debt, and the possession of the oxen, by the mortgagor, was consistent with the terms of the contract. There is nothing disclosed in the case, which raises the slightest suspicion of an intent to defraud any body, or which is in any degree inconsistent with a *bona fide* mortgage of the property.

*Judgment on the verdict.*