## THE JUDGE OF PROBATE *versus* JOSEPH MERRILL, and others.

In an action of debt, upon a probate bond, it is not necessary to make a profert of the original bond in the declaration.

Profert should be made of a copy, duly authenticated by the register of probate. But the omission to make such profert cannot be taken advantage of unless assigned as special cause of demurrer.

DEBT upon bond. The defendants were summoned to answer to " the judge of probate for the county of Grafton," and the declaration alleged, that, by the writing obligatory they became bound to the judge of probate, &c.

The name of Thomas Eastman, of Enfield, was endorsed upon the writ, as the person at whose request the suit was instituted.

The declaration contained no *profert.* The defendant demurred to the declaration and assigned the omission of a profert of the bond for cause of demurrer. The plaintiff joined in demurrer.

*Bell,* for the defendant, contended, that it did not appear that the bond declared on was a probate bond—and if it did, the original was in the custody of the judge of probate and ought to be produced.

If the original could not be produced, the plaintiff ought to have made profert of an exemplification.

*Perley,* for the plaintiff.

The party upon whose application an action is brought on a probate bond, is the real plaintiff, and recognized as such in the statute, which provides that he shall give security for costs, and endorse the writ in the same manner as if he were the nominal, as well as the real, plaintiff. N. H. Laws, 271.

Such bond being a public document, and kept by law in the records of the probate office, cannot be taken thence by the party interested in an action brought upon it, nor by the judge himself. *Judge, &c.* v. *Lyman,* 5 Mass, 260 ; 5 Dane, 272.

By the general rule of law, the party who pleads a deed is bound to produce it in court, *because, being a private evidence, it is in his exclusive control.* Gilbert's Evidence, 84 ; Gould's pleading, 439—444.

But where this reason fails, that is, where the law does not give the custody of a deed to the party who pleads it, he is not bound to plead with profert. Bac. Ab. Pleas and Pleading, I. 12 ; 1 Chitty, 349 ; 1 Williams' Saund. 9, note 1 ; 2 Chitty, 218, in note 1 and c.

Assignees of a bankrupt on bond to the bankrupt—tenant in dower on covenant to the husband or his ancestor—*cestui que use* on deed operating under the statute of uses—grantee by letters patent enrolled in chancery—all plead without profert, because the law does not give them the custody of the deeds under which they claim. Ibid. Precedents of pleading without profert in such cases are found in 5 Wentworth, 69 ; 2 Chitty, 218, 19, 20 ; American Precedents, 302.

Where oyer is demandable the deed itself must be pro-

*[margin: Judge of Probate, v. J. Merrill & a]*

Judge of Probate,
v.
J. Merrill & a
duced, and the court have no power to compel the party craving oyer to accept a copy, instead of the original, and if it appear upon record that a copy was furnished, it is error. *Thorsby* v. *Sparrow*, 1 Wilson, 16 ; S. C. Strange, 1186 ; *Smith & a.* v. *Woodward*, 4 East, 585 ; Bac. Ab. Pleas & Pleading, i. 12 ; 3 D. & E. 153, note ; *Rand* v. *Rand*, 4 N. H. Rep. 278

Where a party is held to make profert, his adversary is entitled to oyer. Strange, 1186 ; 4 N. H. Rep. 278.

But defendant in an action on a probate bond is not entitled to oyer, therefore, the plaintiff is not bound to make profert. *Judge &c.* v. *Lyman*, 5 Mass. 260 ; 5 Dane, 272.

If a party, not having the control of a deed, ought to produce a copy, he should make profert of a copy. American Precedents, 302 ; 2 Chitty, 221.

If profert ought to be made of a copy, it is matter of form, and the omission must be shown for cause of special demurrer which is not done here.

Where the party who pleads a deed would excuse himself from profert by matter of fact, he must allege the fact in order that his adversary may have opportunity to traverse it. 1 Chitty, 349 ; *Reed* v. *Brookman*, 3 D. & E. 158 ; *Cady* v. *Eggleston*, 11 Mass. 283 ; 1 Sellon's Practice, 261.

But where the ground of excuse is matter of law, as in this case of a probate bond, it need not be alleged, as the court know it officially, and it cannot be put in issue. 1 Chitty, 218–19 ; 2 Chitty, 218, notes ; 5 Wentworth, 69.

Profert is mere matter of form ; if not made where required by law the opposite party may still have oyer, and if made where unnecessary, it is surplusage, and oyer will be refused. 1 Sellon's Practice, 262 ; Gould's Pleading, 448.

And this is the reason why the precedents sometimes have profert inserted where it is unnecessary

If this was not a probate bond the defendant should have plead in abatement.

The judgment of the court was pronounced by PA R-
KER, J.

It is objected by the defendant that it does not appear that the bond in question is a probate bond, and that the case is therefore to be decided on the principles applicable to bonds in general, and if there is not matter before us from which we may understand that the bond in suit is a bond to the judge of probate, in his official capacity, the objection must prevail, and the declaration be held bad for the want of a profert of the bond, or an excuse for the omission.

It is true that the declaration sets forth no condition by which we can see that the bond was intended to secure the performance of any official act by the defendants ; but notwithstanding this, we think sufficient appears upon the face of the writ and declaration, to show that a probate bond, so called, must necessarily be intended, as the subject matter of the suit.

The defendants are summoned to " answer to the judge of probate for the county of Grafton" in the form prescribed in the statute for suits upon probate bonds, without naming any particular individual as plaintiff, and the declaration alleges that they bound and obligated themselves to the said judge of probate.

There is also an endorsement upon the writ, in conformity to the statute, of the name of the party for whose benefit the suit is prosecuted.

It is a necessary inference, therefore, that the bond intended to be declared upon is a bond taken by the judge of probate in his official capacity, for it is very clear that no bond could be taken to an individual in this form, and the judge of probate, as an individual, could sustain no action in this form on any bond to him personally, nor could any other than a probate bond sustain the declaration.

The next question is, then, whether it is necessary, in an action on a probate bond, to make a profert of the bond in the declaration.

The judge of probate has, himself, no interest whatever in official bonds taken in the probate court.

They are given to secure the due performance of trusts reposed in executors, administrators, guardians and trustees, and are for the benefit of the parties having an interest in those trusts, and although taken to the judge of probate and sued by the name and style of his office—the name of the party prosecuting is to be endorsed on the writ—the claim he seeks to recover ought to be set forth—and the statute speaks of him in terms as the "real plaintiff." No vacancy or change in the office abates or discontinues the suit—judgment in favor of the obligors is no bar to any other suit on the same bond to recover a different claim—no execution for costs is ever awarded against the judge, but costs of defence, in case of recovery, are provided for by a bond given by the party prosecuting—and execution is issued for his use in case of judgment for the plaintiff.

The suit, then, although nominally in the name of the judge of probate, is in reality the suit of the party whose name is endorsed on the writ, as he is the party who is to receive the benefit of the suit, if successful, and to be liable to the costs of the action in case of a failure.

It is well understood that such "real plaintiff" has no custody whatever of the bond on which the suit is instituted, and of himself no power to bring it into court. Nor has the judge of probate, in fact, the custody of the instrument. It is his duty to take the bond and to see that it is sufficient, but when executed it is delivered into the custody of the register, and kept by him with the records and files of the probate office.

Under such circumstances, the reason of the rule requiring a party to make a profert of the original bond in the declaration, and to bring it into court, that the defendant may have oyer, wholly fails, and the case in this respect, is not within the rules applicable to private deeds within the control of a party. The authorities cited by

the plaintiff's counsel, although some of them are found-
ed upon statutory provisions, are sufficient to establish
this position, and the objection, that a profert is not made
of the original bond, must be overruled.   Cro. Car. 209,
*Gray* v. *Fielder* ; 1 Ves. Senr. 394, *Whitfield* v. *Fausset* ; 1
Saund. 9, n 1 ; Bac. Abr. Pleas, &c. I. 12 ; 1 Chitty's
Pls. 350.

There are cases, however, in which there being no
profert of the writing obligatory, it is necessary to set
forth the condition of it and to assign a breach in the
declaration, as in the case of a bond lost by time and ac-
cident, or destroyed by fire.   4 N. H. Rep. 267, *R and*
v. *Rand* ; and if this were the proper mode in the case of
a probate bond, the demurrer in this case would be
well taken, for as a probate bond it must necessarily
have a condition annexed, the judge of probate having
no authority to take to himself, in his official character,
a single bond for the payment of money.

We have considered the case in this view, but are sat-
isfied that it does not come within the principle of the
cases requiring a declaration in that form.

The bond, although not in the custody of the party is
still, for ought appears, in existence, and if necessary
may, upon proper process, be brought into court.   As a
part of the probate files, a copy of it, duly authenticated,
may also be obtained at any time, and a profert may be
made of such copy which will answer all the purposes of
a profert of the original, and there is, therefore, no ne-
cessity of subjecting the party to the burden of setting
forth the condition and assigning a breach in his declara-
tion.

It is our opinion, then, that the proper mode of pleading
in such case is, to make profert of a copy duly authenti-
cated by the register of probate, and an authority in sup-
port of this conclusion is found in Thatcher, *Judge* v. *Ly-*
*man*, 5 Mass. 260.

But it is farther objected that the declaration, in this

case, contains no profert of a copy of the bond, and is for this reason defective.

If this had been set forth specially as cause of demurrer it must have been fatal.

But this objection is well answered by the counsel for the plaintiff.

The only special cause assigned is an omission to make profert of the bond and this cause has not been sustained. Farther than this the demurrer is only general, and profert being merely matter of form the omission to make profert of a copy cannot now be taken advantage of, not having been specially assigned for cause of demurrer. 1 Chitty's Pls. 350 ; Com. Dig. Pleader, O. 17.

*Judgment for plaintiff.*
*Defendant to be heard in Chancery.*