## HOIT & a. *vs.* REMICK.

Prior to the statute of June 22, 1832, entitled, " an act to prevent fraud in the transfer of personal property," neither the record of a mortgage of personal property, nor possession thereof by the mortgagee, was essential to the validity of the mortgage. Nor was the possession of personal property, after a mortgage of it by the former owner, conclusive evidence of fraud in the transfer.

By that act, it is made requisite, in order to give validity to such mortgage, as against all others except the parties thereto, either that the mortgagee *should take and retain possession* of the property mortgaged, or that the mortgage should be recorded in the office of the clerk of the town where the mortgager resides *at the time of making the mortgage.*

The removal of the mortgager, after executing the mortgage, from the town in which he resided at the time of its execution, taking with him the mortgaged property, and retaining the possession of it, imposes upon the mortgagee no necessity of recording the mortgage in the town to which the mortgager may so remove.

The provisions of the statute are complied with, in the particular of *the place of the record,* both according to the letter and spirit of it, by a record of the mortgage only in the office of the clerk of the town where the mortgager resided *at the time of executing the mortgage.*

TRESPASS, for taking and carrying away the plaintiffs' horse.

The plaintiffs' title to the horse was founded on a mortgage of February 14, 1837, recorded in the office of the clerk of the town of Sandwich on the day of its date, and executed by Ambrose Hall to the plaintiffs, to secure the payment of a note signed by Hall, and given for the price agreed to be paid for the horse to the plaintiffs, of whom Hall purchased him.

At the date of the mortgage, and ever before, and afterwards, until March, 1838, Hall resided in Sandwich with his family, when he removed himself and family to Tamworth, and took with him the horse, where he has ever since resided with his family.

The mortgage was never recorded in the office of the clerk of the town of Tamworth. In April, 1839, the mortgage being then uncancelled, and the note unpaid, the horse, still remaining in the possession of Hall, was attached by Remick, the defendant, a deputy sheriff, by virtue of a writ in favor of Ira Huckins, against said Hall, as the property of Hall, Remick having been informed of the claim of the plaintiffs.

Remick then removed the horse, and afterwards sold him upon the execution issued in said action.

The plaintiffs never had possession of the horse after the date of the mortgage.

By the agreement of the parties submitting this case for decision, it was stipulated that if in the opinion of the court the action was maintained upon the foregoing facts, judgment should be rendered for the plaintiffs for a sum agreed ; but if otherwise, that judgment should be rendered for the defendant, for his costs.

*S. Emerson*, for the plaintiffs.

*Lyford*, for the defendant.

WOODS, J. The mortgage upon which the plaintiffs rely to maintain this action, was made by Hall to secure to them the purchase price of the horse in controversy, and was duly recorded in the office of the clerk of the town of Sandwich, in which town Hall, the mortgager, resided at the time of its execution.

In the absence of all proof of fraudulent purpose in its execution, the mortgage thus recorded most certainly consti-

tuted a valid conveyance of the property of the horse to the plaintiffs at the time of its execution and record, as against Hall himself, and his creditors, and all subsequent purchasers, so long as Hall continued to reside in Sandwich, defeasible only upon the payment of the sum secured by it. It is not in fact pretended that the mortgage was not valid at its date, or that it would not have remained valid still, if Hall had not changed his habitancy.

But the neglect of the plaintiffs, upon the removal of Hall to Tamworth, to record the mortgage in that town, and Hall's possession after his removal to that place, are made the grounds of objection to the continuing validity of the mortgage, and of answer to this action.

Prior to the passage of our statute of June 22, 1832, entitled "an act to prevent fraud in the transfer of personal property by mortgage," no record any where was requisite, nor would it contribute to the legal force of a mortgage of personal property in this state.

Nor was possession by the mortgagee essential to the validity of his title, either as between the parties themselves, or the mortgagee and the creditors, or purchasers of the mortgager. *Haven* vs. *Low*, 2 *N. H. Rep.* 13 ; *Ash* vs. *Savage,* 5 *N. H. Rep.* 545.

And the continuing possession of the mortgager was not a fraud in law, or conclusive evidence of fraud in the transfer, in the case of a mortgage of personal property.

Such possession was at most, under some circumstances, evidence of the fact of fraud, but not a fact in judgment of law, of itself conclusively establishing the fraud. *Ash* vs. *Savage, before cited, and the auth. there referred to.*

At common law, then, aside from the operation of the provisions of the statute aforesaid, the title of the plaintiffs is well maintained ; neither record of the mortgage, nor possession of the property by the mortgagee, as I have shown, being requisite to its establishment, but only that the mortgage should be executed *bona fide,* for honest and legal purposes, and upon good consideration.

The act referred to provides, "that no mortgage of personal property hereafter made shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered to and retained by the mortgagee, or unless the said mortgage be recorded in the office of the clerk of the town where the mortgager shall reside at the time of making the same."

By the provisions of that statute, the common law relating to mortgages of personal property is so far altered, as to render it indispensably requisite, to give effect to a mortgage, either that the possession of the mortgaged property *should be taken and retained* by the mortgagee, or that the *mortgage should be recorded.*

The case under consideration is a case of the character requiring a record of the mortgage;—no possession having been taken and continued by the mortgagee which would dispense with the necessity of a record.

And the mortgage under consideration was recorded in the office of the clerk of the town in which the mortgager resided at the time of making the mortgage.

The question is, whether such a record is a compliance with the requirements of the statute, in the particular *of the place of the record*, under the circumstances of this case; for, if not, the plaintiffs' title to the horse must fail.

There has been a strict *literal* compliance with the provisions of the statute, as far as regards the place of record. Hall, as found by the case, lived in Sandwich at the date of the mortgage, and the mortgage was recorded in the office of the clerk of that town. And we are of the opinion that there has been in that particular a compliance with the requirements of the statute, according to its spirit and meaning, and the plain intention of its framers. The defence goes upon the ground, that it is made the duty of the mortgagee, by the statute, to record his mortgage in the town where the mortgager shall reside at the time of the attachment or sale of the property. But we think the language of the act will

Hoit *v.* Remick.

not warrant that construction, and there is no imperious necessity justifying or requiring so wide a departure from the plain language of the act. Its purposes will be accomplished without such construction.

The object of the statute was to give publicity to such conveyances, and to provide sources of information common to all persons, in order to enable purchasers, and creditors, and all others, to determine with some degree of facility, convenience and certainty, the question of title to property, which they may be interested to know ; while, at the same time, it was not among the purposes of the act to subject the *bona fide* mortgagee, who is of course a creditor, to the inconvenience, if not impracticability, of the constant vigilance and ceaseless watching which would be requisite to guard and secure his interests, if he were obliged to record his mortgage in every town into which the mortgager might see fit to remove with the property to reside ; and that, too, before his creditor should seize the property by process of law, or the mortgager should pass the title to it by way of sale, to some innocent purchaser.

The mortgage, then, being valid at common law, and not rendered invalid under the circumstances by the provisions of the statute referred to, we are of the opinion that the action is well maintained, and that, according to the agreement of the parties, there must be

*Judgment for the plaintiffs.*