TUCKER *v.* TILTON.                     { MARCH 13,
                                          { 1875.

Under Gen. Stats., ch. 123, sec. 12, notice to a subsequent attaching creditor of a valid mortgage not recorded is equivalent to a record.

In such a case, knowledge of the officer employed to make the attachment is knowledge of the plaintiff. Knowledge of the attorney who makes the writ, but has no agency in procuring the attachment, is not knowledge of the plaintiff.

This cause—Betsy Tucker, administrator, against Samuel J. Tilton—was referred under the provisions of the judiciary act of 1874. The referee reported his conclusions of facts and law as follows: This is an action of trespass for taking fifteen tons of hay. The plea is the general issue, and a brief statement justifying the taking by the defendant, as a deputy sheriff, upon a writ of attachment.

The referee found the following facts to be proven: Daniel M. Sargent, then and now residing in Tilton, being justly indebted to the plaintiff in about the sum of $350 upon a note for $538, dated June 10, 1870, mortgaged to the plaintiff, then as now resident of Warner, for security of said indebtedness, a quantity of hay in a mow of a barn in Northfield, said hay being by measure 32 feet long, 17 feet wide, and 12 feet high, and containing 6,628 cubic feet. The mortgage was dated, signed, and sworn to by the mortgagor, February 21, 1873, the oath being administered by C. C. Rogers, Esq., who wrote said mortgage. The mortgagee made oath to the mortgage on March 1, 1873, before George Jones, Esq. The mortgage was recorded on March 2, 1873, in the town-clerk's office of the town of Northfield, but was never recorded in the town of Tilton where the mortgagor resided. On June 9, 1873, the defendant, a deputy sheriff, by virtue of a valid and legal writ of attachment in favor of Loren Foss against the said Sargent, attached and subsequently sold the same hay included and described in said mortgage. The defendant, before making the attachment, was informed and understood, and subsequently asserted that he

" knew there was a mortgage of said hay recorded in Northfield," but he considered it " not good for anything because it was not recorded in Tilton." The writ of attachment was made by said C. C. Rogers, as attorney for said Loren Foss. Said Rogers, at the time of making said writ, knew that he had made the mortgage, and that it had been executed and sworn to by the mortgagor, but it did not appear whether or not he knew that it had been sworn to by the mortgagee, nor whether or not it had been recorded in Northfield or elsewhere. The quantity of hay taken by the defendant was five tons, and its value was forty-seven dollars and fifty cents.

The referee's conclusions of law were, (1) the mortgage was invalid as against Foss, the attaching creditor, for the reason that it was never recorded in Tilton. (2) The attaching creditor, Foss, is not to be regarded as having notice of the existence of the mortgage by reason of the knowledge either of the defendant or of Mr. Rogers. His attachment was, therefore, valid.

To these rulings as to the law the plaintiff excepted, and the questions were reserved at the October term, 1874, for the decision of the superior court.

Subject to these exceptions, the referee awarded that the defendant recover of the plaintiff costs of court and costs of reference to be taxed by the court.

CUSHING, C. J.    The case of *Young* v. *Walker*, 12 N. H. 502, seems a direct authority to the point that the knowledge of the officer was the knowledge of the plaintiff in the writ of attachment. In that case, the property, having been attached, had gone back into the hands of the debtor; and it was held that the person making a second attachment could not do so if he knew that the property was under attachment, and that there was an unrescinded contract of bailment. It was held that the officer was the agent of the party suing out the writ, for the purpose of taking notice of the former attachment. A principal is affected by notice to his agent respecting any matter distinctly within the scope of his agency, when the notice is given before the transaction begins, or before it is so far completed as to render the notice nugatory. 1 Pars. on Con. 79, and authorities.

It must be taken, then, on these authorities, that the defendant's employer knew, before the attachment was made, of the existence of a mortgage on the property, valid in all respects excepting that it had not been recorded in the town where the mortgagor lived.

*Edwards* v. *Harben*, 2 T. R. 587, and *Ash* v. *Savage*, 5 N. H. 545, may be selected out of numerous authorities to show that, at common law, a mortgage of personal property is valid when the possession accompanies and follows the deed ; *i. e.*, if the deed indicates that possession is to be retained by the mortgagor, the possession may be so retained, and the mortgage be good at common law, and independent of our statute.

By our statute the mortgage is of no effect against any but the grantor and his heirs, unless verified by affidavit, and recorded.

*Gooding* v. *Riley*, 50 N. H. 400, and *Patten* v. *Moore*, 32 N. H. 382, are authorities in point that an unrecorded mortgage is good against a creditor who is aware of the existence and *bona fides* of the mortgage.

On the facts as they appear in the report, it cannot be found that the attaching creditor is affected with knowledge of the mortgage until the time when he placed his writ in the defendant's hands.

He is not affected with the knowledge of the attorney, Mr. Rogers, because it does not appear that Mr. Rogers was his agent at all in the attachment of the property.

In *Stowe* v. *Meserve*, 13 N. H. 46, it was held that a party, having procured his writ of attachment, and being about to have it served, and having then received information calculated to put him on inquiry, was not obliged to suspend his proceedings, and make the inquiry before the service of his writ. It was also intimated in that case that the result might have been different, if, instead of information which put him on inquiry, he had got actual notice of the existence of a valid deed.

In this case, the defendant's employer is to be taken to have had actual knowledge of the plaintiff's valid, unrecorded mortgage, at the time he placed his writ in the officer's hands. Could he lawfully attach the property with such knowledge then obtained ?

The reason of the decision in *Stowe* v. *Meserve*, as I understand it, is, that the creditor, having procured his writ and his officer, and having got ready to attach the property, is not obliged then to stay his proceedings for the purpose of instituting inquiries, but may attach the property at once.

This reason cannot apply in a case where, instead of being put upon inquiry, he receives certain information. In the race of diligence as it is sometimes called, where all have just claims and are acting in good faith, the right of the winning party to retain his advantage does not depend upon the length of time by which he comes in ahead of his competitors.

My conclusion therefore is, that the attaching creditor must be considered as having notice at the time he employed the officer, and that a notice like that in this case, of a *bona fide* mortgage not recorded, must have the effect of defeating the attachment.

The case of *Hill* v. *Gilman* is cited to show that the forms required by the law must be strictly complied with ; and that case is sought to be distinguished from *Gooding* v. *Riley*, by the fact that the subsequent claimant was an attaching creditor, and not a subsequent purchaser, as in the last mentioned case. But it is one of the facts in the case that the plaintiff's mortgage was, under the statute of Elizabeth, good against attaching creditors.

Being at common law and under the statute of Elizabeth good against subsequent attaching creditors, and therefore being avoided, if at all, by force of the statute—Gen. Stats., ch. 123—and by failure to comply with its terms, the consequences of this failure depend entirely upon those terms. The statute makes no difference between creditors and others. Its terms are,—" No such mortgage shall be valid against

any person except the mortgagor, his executors, and administrators," etc. The statute of 13th of Elizabeth makes the mortgage void against attaching creditors, if made to defraud them. Our statute,—Gen. Stats., ch. 123, sec. 12,—if not complied with, makes the mortgage void against all but the mortgagor, his executors, and administrators. The plaintiff's mortgage, therefore, being good under the statute of Elizabeth, the case of *Gooding* v. *Riley* is an authority on the construction of General Statutes above cited, and if inconsistent with *Hill* v. *Gilman*, which I do not see, must be considered as qualifying it. The case does not in terms find that the defendant knew that the plaintiff's mortgage was made in good faith and for a full consideration, but I think that what the case does find ought to be held equivalent thereto.

According to these views the defendant's attachment is invalid, and the exceptions must be allowed.

Ladd, J. There was no defect in the mortgage, or want of formality in its execution. I do not see, therefore, as the cases of *Hill* v. *Gilman*, 39 N. H. 88, and *Gooding* v. *Riley*, 50 N. H. 400, have any very direct application. The only question is as to the effect of actual knowledge by the defendant of an unrecorded deed. The general rule, that one attempting to set up a title against such deed is affected by actual knowledge of its existence, in the same way and to the same extent as he would have been by its record, is perfectly well settled and familiar.

The referee seems to have made a distinction between knowledge by this defendant and knowledge by the plaintiff, in *Foss* v. *Sargent*. I do not understand upon what ground any such distinction can be made. By that writ the defendant was commanded to attach, not the property of this plaintiff, but the property of Sargent, and it is clear that, inasmuch as he had knowledge of the actual state of the title, he cannot justify the taking by virtue of that precept, unless it be as the agent of the creditor Foss. But the moment he attempts to place his justification on that ground, Foss, as principal, is chargeable with his knowledge as agent. So that, whether he acted with or without the specific direction of Foss, the attempt to apply the property of this plaintiff in satisfaction of Foss's debt was, under the circumstances shown, equally a legal fraud, and must, therefore, fail.

I am of opinion that there should be judgment on the report for the plaintiff for the value of the hay taken, as found by the referee, with interest from the time of the taking, unless either party elects a trial by jury.

Smith, J. I am of the same opinion. No principle is better settled than that notice to an attaching creditor of an unrecorded deed or mortgage is equivalent to a record of the same. There was no defect in the plaintiff's mortgage, and there is no suggestion of any *mala fides*. The facts reported in the case are sufficient to show that it was executed in good faith. The defendant then knew that the plaintiff had a valid mortgage upon the property which he was about to attach,

although unrecorded. This is all the information he would have received if the mortgage had been recorded. The notice to him was sufficient as against himself; but he was acting for the attaching creditor and to secure his interests. He was in fact his servant or agent, and the authorities cited show that his knowledge was the knowledge of the creditor.

Unless either party elects a trial by jury, there must be

*Judgment for the plaintiff.*