### SUMNER *v.* DALTON *& a.*

Concurrent possession by the vendor and vendee of a chattel is fradulent as against creditors.

The declarations of the mortgagor of personal property, to the mortgagee, that the property is unincumbered, are admissible upon the question whether the mortgagee had notice of a prior unrecorded mortgage.

Two creditors may join in taking a chattel mortgage to secure their separate debts. If the affidavit is sufficient as to the claim of one creditor, and insufficient as to the claim of the other creditor, the mortgage will be good as to the one, although it may be invalid as to the other.

When a debt and a liability are secured by a chattel mortgage, and the affidavit speaks of the debt only, the mortgage will be good as to the debt, although invalid as security for the liability.

A chattel mortgage to secure a debt due a town is valid when the necessary affidavit is made and subscribed by one selectman in behalf of the town.

BILL IN EQUITY, to restrain the defendants from selling certain mortgaged furniture. The plaintiff claims under a mortgage executed October 20, 1872, and recorded March 31, 1873. The defendants claim under a mortgage from the same person, executed and recorded January 2, 1873. The mortgagor was the plaintiff's father, and the owner of the Sumner house. The plaintiff claimed that he kept the house, boarding his parents, and that, by virtue of his arrangement in regard to the house, there was such delivery of the mortgaged property to him as would dispense with the necessity of a record. But the court found otherwise, and the plaintiff excepted.

B. A. Taylor, one of the selectmen of Dalton, testified, that at the time the mortgage to the defendants was given he had no knowledge of any change of possession in the house or furniture from the mortgagor to the plaintiff, but took the mortgage in good faith. Ewen, one of the defendants, testified, that at the time the defendants' mortgage was executed the mortgagor said the property was free from incumbrance. The above testimony was received only as bearing upon the question of notice, as evidence that the mortgagor made the statement, not that he stated the truth. The plaintiff excepted to the testimony.

The defendants' mortgage was given to Ewen and the town of Dalton to secure a note payable to Ewen as collector of the town, and a note payable to the town ; also, to indemnify the town from loss by reason of having endorsed a certain other note for the mortgagor. The oath was taken and subscribed by the mortgagor, by Ewen, and by Taylor as one of the selectmen of Dalton, and was in the ordinary form, viz., that the " mortgage was made for the purpose of securing the debt specified in the condition," &c.

The court held the mortgage valid to secure the note payable to Ewen and the note payable to the town, and dismissed the bill,—to which the plaintiff excepted.

*Carpenter*, for the plaintiff.

*Ray, Drew & Jordan*, for the defendants.

SMITH, J.  The change of possession, when the mortgage was not recorded, should have been such as to be apparent to those having occasion to observe it, and no such change was shown.  Concurrent possession by the vendor and vendee was not sufficient.  *Wordall* v. *Smith*, 1 Camp. 333 ; *Trask* v. *Bowers*, 4 N. H. 309 ; *Lang* v. *Stockwell*, 55 N. H. 561, 565.  The judge who tried the cause found that there was not such delivery as would dispense with a record of the plaintiff's mortgage, and his finding upon a question of fact is conclusive.

The testimony of Taylor and Ewen was unobjectionable for the purpose for which it was received.  Notice of the existence of a mortgage being equivalent to a record, it was competent for the defendants to show what information they had, for the purpose of negativing the idea that they had received such notice.  If no claim was made that they had received notice, the evidence was immaterial.

No reason occurs to us why the mortgage is not valid as to Ewen. His claim is correctly described in the affidavit.  The mortgage was made to the defendants jointly, but they have no joint interest in the debts secured.  In this respect it is the separate mortgage of each creditor.  If the affidavit is defective as to the claim of one creditor, and complete as to that of the other, the mortgage may be held valid as to the latter although invalid as to the former.  The affidavit being for the information and protection of the other creditors, they are in no way misinformed or injured, so far as the claims of one mortgagee are correctly described, by the other subscribing a defective affidavit.

Two objections are made to the mortgage, so far as it relates to the town.  1. That it is not valid security for either the note or liability, because the affidavit speaks of a debt only.  2. That the mortgage is void, because sworn to by only one of the selectmen.

The precise question raised by the first objection was decided in the unreported case of *Richardson* v. *Blodgett*, Grafton, February Term, 1847, cited in *Parker* v. *Morrison*, 46 N. H. 280, 284, the court hold-

ing that the mortgage was valid to secure a note, but was void as against creditors so far as it was intended to secure a liability, both being described in the affidavit as a debt.

The last objection raises a question upon which we find no authority directly in point. Ordinarily, it requires the action of at least a majority of the board of selectmen to bind the town. Gen. St., *c.* 37, *s.* 2. But no question arises here as to the power of the selectmen to bind the town by contract. The question is, whether the selectmen can, by virtue of their office, make the affidavit prescribed by statute in behalf of their town, and whether it is sufficient when made by one of their number. The town is a body corporate and politic. Gen. St., *c.* 34, *s.* 1. The selectmen are to manage its prudential affairs. Gen. Sts., *c.* 37, *s.* 2. The particular duties comprehended within the meaning of the phrase " prudential affairs " are not easily enumerated. *Pike* v. *Middleton,* 12 N. H. 278, 282. In most cases where the inquiry has been raised, the controversy grew out of the action of the selectmen intended to bind their town by contract. See cases cited and reviewed in *Carlton* v. *Bath,* 22 N. H. 559 ; *Rich* v. *Errol,* 51 N. H. 350. Undoubtedly in the ordinary signification of the term is intended the transaction of business on behalf of the town, requiring the exercise of discretion and prudence. Independent of any special statutory power, the selectmen, as the general agents of the town, would have the right to receive payment of a debt due the town. As incident to this right, they must have the power to receive security for such debt, and, in order to make the security effective, to do whatever is necessary for that purpose. The town being a corporation must act and speak through its agents,—through those entrusted with the management of its prudential affairs, and presumed to possess the information necessary to enable them to make the required affidavit. Delay, for the purpose of procuring authority from the town, would often destroy the only available opportunity for taking this kind of security.

The statute requires each mortgagor and mortgagee to make and subscribe the affidavit. When copartners are parties, the affidavit may be made and subscribed by any partner in behalf of the firm. When a corporation is a party, it may be made and subscribed by any director. Gen. Sts., *c.* 123, *ss.* 6–8. The powers of the directors of a private corporation are in most respects very different from the powers of municipal officers; yet the position of selectmen is quite analogous to that of a director of a private corporation, in the management of the prudential affairs of their respective corporations. The object of the statute in requiring the affidavit is, to guard against the making of fraudulent mortgages, and to afford those who may deal with the mortgagor some protection from fraudulent incumbrances in the absence of any change of possession. *Gooding* v. *Riley,* 50 N. H. 400 ; *Clark* v. *Tarbell,* 57 N. H. 328. This object is attained when the affidavit is made by one of the selectmen. It would not possess any higher degree of truthfulness if made and subscribed by a larger num-

ber. Its truthfulness is not a doubtful question, to be decided upon the weight of testimony, or the number of witnesses in its support. It is made essential to the validity of the mortgage, and the question is, whether that requirement of the statute has been complied with. Our conclusion is, that the affidavit is sufficient when made and subscribed by one selectman on behalf of his town.

*Exceptions overruled.*

BINGHAM, J., did not sit.